### JACOB ROBINSON v. WILLIAM M. VARNELL.

It would seem that the Court will not, of its own motion, order a certiorari, to perfect the transcript, although the appellant has appeared by brief only, and the omission has escaped the notice of his counsel ; at all events, where it is apparent that it would make no difference in the decision of the cause.

A mere omission in one part of the charge of the Court, if supplied, substantially, in another part, is not sufficient ground for reversing the judgment, where there is no cause to apprehend that the jury may have been misled, or failed to comprehend the law.

Nor, where the charge given was not wrong in point of law, will it, in general, be a ground for reversing the judgment, that it did not embrace all the law applicable to the case; if proper instructions have not been asked and refused.

Where, to construe the terms of a statute according to their technical significations, would render the statute inoperative, but to construe them according to their general signification, would give the statute a reasonable operation, the latter construction must prevail.

Robinson v. Varnell.

"Actions of debt, grounded on any contract in writing," which are required by the statute of limitations of 1841, to be commenced within four years, include all suits brought to recover money for the breach of a contract in writing, without regard to the technical distinction between actions and suits, and debt and damages, at common law.

Where the hirer of a slave contracts in writing to return the slave at a particular time, a suit for damges for failure to return the slave, is not barred until four years after the expiration of the time appointed, although the slave may have perished, by the fault of the hirer, more than four years before the institution of the suit.

Where the hirer of a slave cruelly treats and abuses the slave, causing him to run away, and the slave is lost, the hirer is responsible for the value of the slave.

Where a slave is hired for a specified time, and, during such specified time, is lost by the fault of the hirer, and the suit is not brought until after the expiration of the time, the measure of damages is the amount of hire for such specified time, the value of the negro before his loss, and interest on those two sums from the time when the hire was due and when the slave was to be returned.

The measure of damages is, in general, that which will compensate the plaintiff, as nearly as may be, for the actual injury sustained by the breach of contract by the defendant.

Appeal from Calhoun.  Tried before the Hon. Fielding Jones.

Suit commenced April 16th, 1852, by appellee against appellant, on the following contract in writing :

St. Joseph's Island, Jan'y 27th, 1848.  On the first day of January next, I promise to pay W. M. Varnell, or order, the sum of one hundred and fifty dollars, for value received of him in the hire of a negro boy, named Bill, for the present year 1848, which I am to furnish with two suits of clothes, and return to him on the first day of January, 1849.

The petition alleged that the slave had never been returned, nor the hire paid, and prayed judgment for the hire and the value of the slave, and interest and costs.

The defendant answered by a plea of the statute of limitations, as to so much of the petition as claimed the value of the slave ; and alleged that the slave had, without any fault of

defendant, run away in March, 1848, and defendant had not the benefit of his services after that time ; and that defendant had made diligent seach for him, but had not been able to find him.

The plaintiff amended by alleging that the defendant had cruelly beat and abused the slave, and if he ran away at all, it was caused by the wrongful acts of the defendant, whereby the slave was wholly lost to the plaintiff.

It appeared from the evidence, that the defendant had cruelly treated and abused the slave, causing him to run away ; and that in March, 1848, while a runaway, the slave had been killed, while resisting capture by a party which had pursued him for breaking into houses in Indianola, in the night time, and stealing. The slave was armed with a hatchet, and being come upon suddenly, attacked the person, who shot him. The defendant proved by a witness, that plaintiff offered the witness ten dollars if he would find the slave and bring him back ; that witness could not find him, and informed the agent of the plaintiff, that the slave had run away.

It appeared from the record, that the plaintiffs asked the following instructions, which were given.

That if the jury believe from the testimony, that the defendant contracted to return the negro and pay the hire, and that he did not do so, they must find for the plaintiff, unless they should find from the evidence, that it was impossible for him to do so, in consequence of the death of the negro, or that he ran away without any fault of the defendant.

If the jury believe from the evidence, that the negro was induced to run away, by the cruelty or ill treatment of the defendant, and that the negro was afterwards killed, the defendant is responsible both for the value of the negro and his hire for a year.

The defendant asked the following instructions, which were refused.

That if the jury believe from the evidence, that the defend-

ant was to return the slave to the plaintiff on the first of January, 1849, and failed to return him as he had undertaken to do, and that the plaintiff did not institute his suit until the 16th day of April, 1852, then they must find for the defendant, so far as the value of the slave was concerned.

If the jury believe from the evidence, that the plaintiff's cause of action accrued more than two years next before the institution of the suit, they must find for the defendant, so far as the claim for the value of the negro is concerned.

The jury found for the plaintiff, the hire for the year 1848, and the value of the slave, with interest from the first day of January, 1849. Motion for a new trial overruled, &c.

The instructions copied in the brief of counsel for appellant, and referred to in the Opinion, were as follows, purporting to have been given at the request of the plaintiff.

If the jury find the defendant agreed to return the slave at the end of the year, and that the slave ran away, the defendant is bound to use all proper diligence and exertion to recover the negro ; and if they find he did not do so, and failed to return the negro, they ought to find for the plaintiff.

If the jury find that the suit was brought upon a written contract, then the suit was not barred until the lapse of four years after the negro was to have been returned.

If the jury believe from the evidence, that the negro was induced to run away, by the cruelty and ill treatment of the defendant Robinson, and that the negro was afterwards killed, Robinson is responsible both for the value of the negro, and the hire of the negro for a year.

(These instructions were probably given on a previous trial, which resulted in the failure of the jury to agree.—REPS.)

*Phillips & Phillips*, for appellant, cited Wheeler on slavery, 159, as to the apportionment of the hire.

*Seawell & Baldwin*, for appellee. cited Mitchell v. Mims, 8
Vol. XVI. 25

Tex. R. 8 ; Phillips v. Wheeler, 10 Id. 542 ; Alston v. Balls, 12 Ark. R., or 6 Eng. R. 669 ; Domat, Sec. 476, 468, 466, 182 ; Chitty on Cont. 80, as to the liability of the appellant.

*Stockdale & Jones*, also for appellee, cited Story on Bailments, 417, and Edwards on Bailments, 374, as to apportionment of the hire.

WHEELER, J. The record presents but two instructions given at the instance of the plaintiff. The brief of counsel for the appellant mentions other instructions, as having been given ; and as the counsel have appeared only by brief, it is not improbable that the instructions of which they complain, were given, and inadvertently omitted in making up the transcript, and that the omission has escaped the notice of counsel. However, as there is no suggestion of a diminution of the record ; we must take it that it is complete, for all the purposes of this appeal ; whatever cause we may have, outside of the record itself, to suspect that, in point of fact, it is not. We are relieved from any embarrassment we might feel in deciding upon what we have reason to suspect is not a complete record, from the consideration, that, if the instructions set out in the brief appeared by the record, it would not materially vary the case. They may be obnoxious to criticism ; but, considered in connexion with the other instructions given, and in reference to the evidence, it is not perceived that there is any material error in the instructions, as they respect the defendant's liability for his failure to return the negro according to his contract, and his misuse, or abuse of him, which occasioned his loss to the plaintiff.

To the objection, urged to the first instruction, said to have been given, that it did not embrace every predicament of fact, which it was necessary for the jury to consider in making up their verdict, it might be a sufficient answer, that other instructions given supplied the omission. It is not to be sup-

Robinson v. Varnell.

posed that the jury derived their view of the law of the case from a single proposition embraced in the charge ; but from attending to the entire charge as given them by the Court.— Nor, where the charge given was not wrong in point of law, will it, in general, be a ground for reversing the judgment, that it did not embrace all the law applicable to the case. If the defendant desired that the law should be given in charge to the jury upon other points pertinent to the evidence, he should have asked such instructions as he deemed proper. If proper instructions had been refused, their refusal would have been error. But it cannot be assigned as error, that the Court omitted instructions which might with propriety have been given ; when it does not appear that the consequence has been the misapprehension by the jury of the law of the case.— The observations of Chief Justice Marshall, in Armstrong v. Toler (11 Wheat. 276,) are pertinent to this objection to the charge. " Supposing the opinions actually contained in the " charge to be correct, it is still contended to be liable to ex- " ception, because there is a material part of the very case " which it does not embrace." " Without entering into the in- " quiry whether this criticism on the charge be well or ill " founded, the Court think it proper to declare, in explicit " terms, that the plaintiff in error cannot avail himself of it in " this stage of the cause." *   *   * " If the defendant's coun- " sel wished the instruction of the Judge to the jury, on any " point which was omitted in the charge, his course was to " suggest the point, and request an opinion on it. If counsel " may, without pursuing this course, spread the whole testimo- " ny on the record, and then, by a general exception to the " charge, enable himself to take advantage, not only of a misdi- " rection, but of any omission to notice any question which may " be supposed, by this Court, to have arisen in the case, such a " course would obviously transfer to the Supreme Court, the " appropriate duties of a Circuit Court, and cannot be counte- " nanced." Here, the substance of the evidence is spread upon

the record by the statement of facts, the appropriate office of which is to enable this Court to determine whether the Court below erred in refusing a new trial. But the mere omission of the Court to give instruction not asked by the party, is not, of itself, a sufficient ground for awarding a new trial. If the charge of the Court were so framed as to make the decision of the case turn upon a partial, or not sufficiently comprehensive view of the facts, by which injustice was done, it might be otherwise. But we see no cause to apprehend that such has been the case; or that the jury were not sufficiently advised, by the several instructions given them by the Court, of the law applicable to the issues and the evidence.

The only defence, on which instructions were asked by the defendant, was the statute of limitations; and the refusal of the Court to sustain this defence, as to so much of the suit as sought the recovery of damages for the breach of the contract to deliver the negro at the time appointed, is the principal ground of error relied on. It is material, therefore, to determine what period of limitation is applicable to the case.

It is admitted that the action is founded on a contract in writing; but, it is insisted the limitation of four years does not apply, because it is not an " action of debt." It is true, it is not an action of debt, nor an action to recover a debt, technically so called. Technically, we have no such action as an action of debt. If we were to construe the statute literally, according to the technical signification of its terms, it is plain, the present case would not come within any of its provisions. It is not technically an action of debt, or an action to recover a debt; but it is an action to recover a sum of money, technically damages, founded on the breach of a contract in writing for the delivery of specific property. Under the common law forms, and the Statute of Westminster 2, the form of action would be *case*; and the period of limitation, under the Statute 21st Jac. 1, c. 16, would be six years; the same as in actions of debt founded on any simple contract; that is, any

contract not under seal ; as bills of exchange, promissory notes, and all merely verbal and written contracts without specialty. But if the contract had been sealed, the form of action would be *covenant ;* that being the remedy for the recovery of damages for the breach of a covenant, or contract under seal ; and under the Law Amendment Act, 3 and 4 Will. 4, c. 42, s. 3, the period of limitation would be twenty years. As to actions upon contracts, the distinction in the English statutes is between simple contracts and specialties.—— Our statute recognizes no such distinction. All written contracts are placed upon the same footing in this respect, as they ought to be in all others. The only distinction which it makes, as to the time within which actions upon contracts shall be brought, is between parol or verbal, and written contracts. Upon the former, suit must be brought within two, upon the latter it may be brought at any time within four years next after the cause of action accrued. We have seen that the expression in the statute, "actions of debt," cannot receive a strict literal interpretation, without defeating the provision altogether : for we have no actions which come strictly and technically within that denomination. It must, then, receive such a reasonable and liberal interpretation as will give it effect according to the spirit and intention of the statute. To do this, we must disregard the technical distinctions of forms and terms, and look to the substance and manifest object of the statute. That, obviously, was to prescribe a limitation of all actions for the recovery of money upon contracts in writing, without reference to any technical distinction of terms, which have no place in our system. We cannot suppose that either the term "actions," or "debt," was used in a strictly technical common law sense ; the term *actions,* with reference to common law forms, or *debt* in reference to the strict common law meaning of that term. We cannot give that construction to the term actions, for the obvious reason that we have not the common law forms of action : and though

there would not be the same difficulty in giving a technical meaning to the term *debt*, there is no more reason for supposing that such a meaning was attached to it by the Legislature. The more reasonable construction, and that which best harmonizes with the general provisions and policy of the statute, we think, is, to consider the terms "actions of debt, grounded on any contract in writing," as including all suits brought to recover money for the breach of a contract in writing, without regard to the technical distinction between debt and damages. The present action was brought upon a contract in writing, to pay a sum certain in money, technically a debt, and an unliquidated sum for the breach of the contract to deliver specific property, technically damages. Both demands arise upon the breach of the same written contract ; and it cannot have been intended in such a case, that one period of limitation should bar one part of the cause of action, and a different period another part, arising upon the same contract, merely because, in technical legal phrase, the one is called debt, and the other damages. The suit being for the recovery of money for the breach of a written contract, comes within the reason and intention of the provision prescribing the limitation of actions for money demands, arising upon written contracts ; which being four years, the Court did nor err in holding that the right of action was not barred by the statute.

As respects the sufficiency of the evidence, we are of opinion that it was sufficient to warrant the jury in finding that the failure to return the property to the plaintiff, and its loss, was caused by the wrongful acts of the defendant ; amounting to an abuse and misuse of it ; and the legal consequence is, that he is responsible to the plaintiff for its value. (Mills v. Ashe, *supra ;* Smith v. Chance, 7 Tex. R. 561 ; Mitchell v. Mims, 8 Id. 6.) The right of the plaintiff to recover the hire in this case, rests upon the same ground as his right to recover the value of the negro ; that is, that the loss to the plaintiff was occasioned by the wrongful acts of the defendant, for which

he is legally responsible. The general rules respecting the apportionment of contracts were stated in the case of Meade v. Rutlege, (11 Tex. R. 45.) The measure of damages is, in general, that which will compensate the plaintiff, as nearly as may be, for the actual injury sustained by the breach of contract by the defendant. That rule is not violated by allowing the plaintiff to recover the hire in this case. The rule might be different in a case differently circumstanced from the present ; but it will suffice for the present, to say, that, upon the facts of this case, there was no error in holding that the plaintiff was entitled to recover both the value of the negro and the hire : since he was deprived of both by the wrongful acts of the defendant, and without fault on his part. We are of opinion, therefore, that there is no error in the judgment, and that it be affirmed.

Judgment affirmed.