WITT, MURPHY & CO. v. REPEY, HARDEE & CO.

(No. 2774.)

CHARGE OF COURT.— A charge not wrong in point of law, but not embracing all the law applicable to the case, will not furnish reason for reversing the judgment unless proper instructions were asked and refused.

APPEAL from Dallas county.   Opinion by WATTS, J.

STATEMENT.— On the 12th day of· September, 1872, the appellees instituted this suit against W. H. Witt, R. B. Murphy and Alexander Buchanan, as partners, under the style and firm name of Witt, Murphy & Buchanan, on an account for $760.60 for merchandise sold and delivered by the appellees to the appellants at their special· instance and request; appending to their petition as an exhibit thereto a bill of particulars or invoice of the merchandise sold, bearing date May 8, 1872, verified by the affidavit of one of the plaintiffs (appellee in this court), and by the book-keeper of appellees.

October 9, 1872, defendant answered by general demurrer and general denial, and on the 21st day of October, 1873, the defendant Witt (appellant) filed a special plea denying that he was "a member of the said supposed firm styled Witt, Murphy & Buchanan, in and about the matters and things charged in plaintiffs' petition, and if the goods were sold to such a firm it was without his authority, knowledge or consent."

February 4, 1875, defendant, R. D. Murphy, filed special plea of same tenor and effect.

February 15, 1875, plaintiffs (appellees) filed special exceptions to these special pleas, for that they did not deny the partnership, but tacitly admitted it. Did not aver a dissolution and notice thereof given to plaintiffs, and was otherwise uncertain and insufficient, and on same day filed a motion to strike out these special pleas because they were not filed in due order of pleading.

· By bill of exceptions March 6, 1875 (after trial), it appears that on trial (February 15, 1875) these exceptions were sustained and· special pleas stricken out, defendants given leave to amend, who declined to do so in consequence of the presiding judge stating that he would permit defendants to prove, under their general denial, that they were

not partners, and did not purchase the merchandise set out in the account sued on.

On the 15th of February, 1875, trial on pleadings and evidence. Verdict and judgment rendered in favor of plaintiffs for $912.81.

Motion by appellant Witt for new trial filed February 16, 1875. February 17, 1875, he files additional grounds for new trial, claiming judgment to be excessive. February 19, 1875, he "amends his grounds for new trial," asking it on account of newly-discovered evidence, and also files affidavit of himself and Murphy as to newly-discovered evidence on February 22, 1875.

February 24, 1875, plaintiffs filed a motion to strike out motions for new trial filed by defendants on the 19th and 22d of February, 1875, first, as coming too late; second, failing to show diligence in the discovery of testimony; third, that the newly-discovered evidence was cumulative. March 16, 1875, motions for new trial all overruled, and Witt appeals. March 8, 1875, plaintiffs entered a *remittitur* of $20.50.

The errors assigned are, in effect, as follows:

1. The court erred in sustaining exceptions to special plea denying partnership.

2. The court erred in holding the onus of proof as to the partnership was on appellant.

3. The court erred in the charge to the jury.

4. The court erred in not granting motion for new trial.

OPINION.— It is not necessary for us to determine the correctness of the ruling of the court in sustaining appellees' exceptions to appellants' special plea denying the partnership. It is manifest from the record that appellant was in no way injured thereby. He was allowed to introduce under his general denial all his evidence tending to show that he was not a partner in the concern, etc. When the exceptions were sustained, as shown by bill of excep-

tions, the court granted appellant leave to amend, but announced to him that it was not necessary to do so, as he would be allowed to introduce his evidence on that issue under his general denial; and appellant did not amend, but, as shown by the record, accepted the suggestion of the court and had the full benefit thereof.

The second assigned error is not sustained by the record. It does not appear therefrom that the court held or ruled that the onus was upon appellant to disprove the partnership, as alleged in the petition.

The charge of the court was a correct exposition of the law applicable to the case made by the evidence, to the extent that it went; and if it did not embrace all the law applicable to the case, the appellant should have asked such additional instructions as he thought proper to have been given.

In the case of Robinson v. Varnell, 16 Tex., 382, the court held "that a charge not wrong in point of law, but not embracing all the law applicable to the case, will not furnish reason for reversing the judgment unless proper instructions were asked and refused."

The appellant did not ask any additional instructions, nor did he except to the charge of the court as given.

A careful examination of appellant's motions for a new trial, and affidavit thereto attached, fails to disclose any merit in said motions. It does not appear but that by the exercise of reasonable diligence the newly-discovered evidence set forth therein could have been made available on the trial.

The same appears to be merely cumulative of evidence introduced on the trial by appellant.

The cause was fairly submitted to the jury, and their finding is fully sustained by the evidence, and we see no valid reason for reversing the judgment.

AFFIRMED.