A. J. Rose v. First State Bank of Paris, Texas, et al.

No. 6031. Decided March 15, 1933.
(59 S. W., 2d Series, 810.)

*King, Mahaffey, Wheeler & Bryson,* all of Texarkana, for plaintiff in error.

It appears from the face of the appellant's petition that this suit was filed within less than four years from the time his cause of action accrued and his right to sue the appellees for a violation of the provisions of Article 533 of the Revised Civil Statute of 1925 was not barred by limitation and the court erred in sustaining the demurrer of the appellees and in dismissing appellant's suit. Articles 533, 5526, 5527, 5529, R. C. S., 1925; Corsicana National Bank v. Johnson, 251 U. S., 68, 64 L. Ed., 141, 40th Sup. Ct. Rep., 82; McCord v. Nabors, 101 Texas, 494, 109 S. W., 913, 111 S. W., 1144; Holland v. Ashley (Civ. App.), 158 S. W., 1033; Yeaman v. Galveston City Co., 106 Texas, 389, 167 S. W., 710, 173 S. W., 489; Emmons v. Jones (Civ. App.), 246 S. W., 1052; Gardner v. Dorsey (Civ. App.), 272 S. W., 266; Chicago, R. I. & G. Ry. Co. v. Duncan (Civ. App.), 273 S. W., 908; Davies v. Texas Central Railway Co. (Civ. App.), 153 S. W., 916.

*Moore & Moore,* of Paris, for defendants in error.

The plaintiff's suit, within the meaning of our limitation statutes, is a civil action for debt to recover a penalty and a statutory liability, and is barred by the two years statute of limitation. Arts. 533-4, 5526, R. S., 1925; Art. 557, Penal Code; Waters-Pierce Oil Co. v. State (Civ. App.), 106 S. W., 918 at 927; Davidson v. Missouri Pacific R. R. Co., 3rd App. Civ. Cases, Sec. 173; Utley v. Hill, 155 Mo., 232, 55 S. W., 1091; Johnson v. Rolls, 97 Texas, 453, 79 S. W., 513; Hillman v. Gallagher, 120 S. W., 505; Id., 103 Texas, 427, 128 S. W., 899; Schloss v. A. T. & S. F. Ry. Co., 85 Texas, 601, 22 S. W., 1014; Northwestern Life Assurance Co. v. Sturdevant (Civ. App.), 59 S. W. (W. of E. D.), 61; Cock v. Marshall Gas Co. (Civ. App.), 226 S. W., 464; Ft. Worth & D. C. Ry. Co., v. Frazier, 191 S. W., 808; Austin, Banking Commissioner v. Proctor (Civ. App.), 291 S. W., 702; Providence Steam Engine v. Hubbard, 101 U. S., 188, 25 L. Ed., 786 at 788; Chase v. Curtis, 113 U. S., 452, 28 L. Ed., 1038; National Park Bank v. Remsen, 158 U. S., 337, 39 L. Ed., 1008; Huntington v. Attrill, 118 N. Y., 365, 378, 23

N. E., 544; 1 R. C. L., pp. 351-6, 21 R. C. L., pp. 206-21, 37 C. J., p. 789.

MR. JUDGE CRITZ of the Commission of Appeals delivered the opinion for the court.

This suit was filed in the District Court of Lamar County, Texas, by A. J. Rose against First State Bank of Paris, Texas, a then insolvent state banking corporation in the hands of the State Banking Commissioner, as well as against C. H. Noyes and a number of other individuals who are alleged to have been officers and directors of the above bank on and prior to April 26, 1926. The relevancy of this date will later appear.

For convenience we will hereafter refer to Rose by his name, to First State Bank as the bank, and to Noyes and the other individual defendants as Noyes et al.

Rose's petition in the district court alleges that on April 26th, 1926, the bank was insolvent, that it had been in such insolvent condition for sometime prior to such date, and that Noyes et al., during such time, well knew such fact. It is then alleged that on the date of April 26, 1926, Rose deposited in the bank the sum of $16,000 and there was then issued to him by the bank a written certificate of deposit for that amount. The certificate is pleaded in full. It is sufficient to say that it is dated April 26, 1926; it is due Jan. 1st, 1927, and is for $16,000. It is not necessary to detail Rose's pleadings in full but they will be treated as sufficient to state a cause of action against the bank on the written certificate above mentioned. Also Rose's pleadings will be treated as sufficient to allege a cause of action against Noyes et al. under Art. 533, R. C. S., 1925, unless such cause of action was barred by the two years statute of limitation at the time the suit was filed in the district court.

At this time we deem it proper to say that the following facts affirmatively appear on the face of Rose's petition: The deposit was made by him in the bank on April 26, 1926; it was due on January 1st, 1927; the bank closed on May 30, 1926, Rose learning of its insolvent condition very shortly thereafter, and the suit was filed on April 26, 1930.

No answer was filed by the bank and judgment went against it for the sum of $13,930.00. No one is complaining of this part of the judgment.

Noyes et al., among other defenses, pleaded by special demurrer the two years statute of limitation as a bar to any recovery against them by Rose. The trial court sustained this demurrer and on Rose's refusal to amend dismissed the cause

as against said Noyes et al. Rose appealed to the Court of Civil Appeals which court in all things affirmed the judgment of the district court. 38 S. W. (2d) 863. Rose brings error.

From the statement we have made, it is evident that we are here concerned with but one question; which is whether Rose's petition shows upon its face that his alleged cause of action against Noyes et al. was barred by the two years statute of limitation at the time the suit was filed. It is evident that the suit was not filed against Noyes et al. within two years from the time Rose's cause of action accrued, and if the two years statute applies his right to recover is barred. We shall now proceed to decide that question.

As stated above, the legal effect of Rose's petition is to sue the bank on the certificate of deposit, and to sue Noyes et al. under Art. 533, R. C. S., 1925, on their statutory liability to him for knowingly accepting his deposit for the bank at a time it was insolvent or in a failing condition. The statute in question reads as follows:

"No president, director, manager, cashier or other officer or agent of any bank or banking institution organized and doing business under the provisions of this article shall receive or assent to the reception of deposits, or create or assent to the creation of any debts by such bank after he shall have knowledge of the fact that it is insolvent or in failing circumstances. Every person violating the provisions of this article shall be individually responsible for such deposits so received and all debts so contracted. Any director who may have paid more than his share of the liabilities mentioned in this article may have the proper remedy at law against such other persons as shall not have paid their full share of such liabilities. In case of the insolvency of one or more of such officers, agents or managers, the same shall be paid for the time being by those who are solvent, in equal proportion."

■ A reading of the above statute convinces us that its purpose and effect is to create a personal statutory liability on the part of officers and directors of State banks, who accept deposits for the bank or create debts on its part, at a time when they have knowledge that such bank is insolvent or in a failing condition. When Rose made his deposit, and received the certificate of the bank evidencing the same, the bank's liability to him rested on a contract. Not so as to the liability of the officers and directors of the bank. That liability rested on the fact that the statute made them personally liable because they accepted the deposit for the bank at a time when they knew

it was insolvent or in failing condition. In other words, the liability of Noyes et al., was created purely by the statute.

Our two years limitation statute, Art. 5526, R. C. S., 1925, insofar as it applies to this case, reads as follows:

"There shall be commenced and prosecuted within two years after the cause of action shall have accrued, and not afterward, all actions or suits in court of the following description:

\* \*. \* \* \* \*

"4. Actions for debt where the indebtedness is not evidenced by a contract in writing."

■ It will be noted that under the foregoing statute "Actions for debt," "shall be commenced and prosecuted within two years after the cause of action shall have accrued, not afterwards," etc. It is the settled law of this State that the phrase "Actions for debt" as used in our limitation statutes is not the common law *action for debt* in its strict literal interpretation, "for we have no actions which come strictly and technically within that denomination." Robinson v. Varnell, 16 Texas, 382; Gordon v. Rhodes & Daniel, 102 Texas, 300; Texarkana & Ft. S. Ry. Co. v. Houston Gas & Fuel Co., 121 Texas, 594, 51 S. W. (2d) 284; Miller v. Kountz Corporate School District (Com. App.), 54 S. W. (2d) 344.

In the early case of Robinson v. Varnell, supra, our Supreme Court, speaking through Judge Wheeler, announced the rule of interpretation stated by us above. In the later case of Gordon v. Rhodes & Daniel, supra, our Supreme Court, speaking through Judge Williams, re-affirmed the rule in Robinson v. Varnell, and used the following very significant language:

"It follows that if a cause of action be for a debt, in the sense of this statute, the debt need not be evidenced by or founded upon contract at all to come within the two years statute."

Judge Williams then calls attention to the fact that the opinion in Robinson v. Varnell went so far as to hold that an action for damages arising out of a written contract was governed by the four year statute of limitation as provided by present Sec. 1 of Art. 5527, R. C. S., 1925. The two Commission cases above cited simply follow the rule announced in the two Supreme Court cases cited and discussed by us.

We have already demonstrated that the cause of action asserted by Rose against Noyes et al., is not founded on any written contract as between him and them. The only written contract was between the bank and Rose. We have also demonstrated that the liability of Noyes et al., to Rose is a debt

created by statute. Certainly if a suit for damages arising out of a contract is a debt within the meaning of our limitation statute, a suit on a personal liability created by statute is also a debt within the meaning of such statutes.

■ Rose's petition shows upon its face that any cause of action he may have had against Noyes et al., had accrued more than two years prior to the filing of this suit. It is therefore barred by the two years statute of limitation. The Court of Civil Appeals and district court both so held. It follows that the judgment of both lower courts should be affirmed.

The foregoing opinion is adopted as the opinion of the Supreme Court, and judgment will be entered in accordance therewith.

C. M. CURETON, Chief Justice.