## LESLIE v. CITY OF DALLAS.
### No. 4264.

Court of Civil Appeals of Texas. El Paso.
Dec. 31, 1942.

Rehearing Denied April 1, 1943.

Mildred Douglass, James D. O'Connor, and Robert M. Vaughan, all of Dallas, for appellant.

H. P. Kucera, City Atty., and A. J. Thuss and R. L. Dillard, Jr., Asst. City Attys., all of Dallas, for appellee.

SUTTON, Justice.

This is an appeal from the 95th District Court of Dallas County.

Appellant was plaintiff in the trial court. The suit was to recover the sum of $3,620 paid to the City of Dallas at the rate of $5 per night for the services of a special police officer detailed to duty at appellant's dance hall on nights when dances were had. The payments were made under the provisions of a penal ordinance over a period of time commencing on or about January 1, 1934, and ending March 1 or 30, 1939. The suit was filed June 30, 1941.

The ordinance provided that at dance halls classified as "A" dance halls, such as appellant's was, there should be present at all times during a dance and for thirty minutes after it closed, a special police officer, and that the operator should pay to the City the sum of $5 per night to cover the compensation of such special officer. The ordinance further provided that an operator guilty of violating the provisions for such payments should be punished by a fine of not less than $25 nor more than $200 for each such offense.

The provisions of the ordinance just referred to were, by a final judgment of the Court of Criminal Appeals effective October 30, 1940, held unconstitutional. Ex parte Newberg, 140 Tex.Cr.R. 211, 143 S. W.2d 786.

Appellant alleged the payments and contributions made by him were made under duress by virtue of the penal provisions of the ordinance. There is no question or doubt about the sufficiency of the allegations in that respect.

The defendant City leveled two special exceptions at plaintiff's petition, which were sustained. Plaintiff declined to amend and the suit was dismissed, from which plaintiff appealed.

One of the special exceptions invoked the two year statute of limitation, and the other was that plaintiff did not allege that he was the holder of a valid permit or license to operate a class "A" dance hall, and if his operations were without such the operations were illegal and could not become the basis of any recovery.

We think the plea of limitation decisive of the case, and a consideration of the sufficiency or insufficiency of the pleading otherwise unnecessary.

We think the fourth sub-section of the two-year statute, Art. 5526, R.C.S. 1925 (Vernon's Ann.Civ.St.), applicable. It is said in C.J. Vol. 61, pp. 999 and 1000, § 1277, that an action to recover taxes paid is barred by the same lapse of time which would limit an action to recover money had

778

and received between private parties, in the absence of a statute prescribing 'the time; that generally limitation runs from the time taxes are paid, and is not postponed until the legality of the tax has been judicially determined, or until the taxpayer discovers the illegality. We construe this to be the holding in City of Ft. Worth et al. v. Zanecetti, et al., Tex. Com.App., 29 S.W.2d 958, page 962, Comm. opinion approved. See, also, Rose v. First State Bank, 122 Tex. 298, 59 S.W.2d 810.

On the questions of limitation and duress, appellant relies primarily on the case of National Biscuit Co. v. State, 134 Tex. 293, 135 S.W.2d 687. Under this case and the case of Austin National Bank v. Sheppard, 123 Tex. 272, 71 S.W.2d 242, the petition clearly pleaded duress. The question of limitation was not there involved nor decided, and could not be, because limitation in such cases does not begin to run until the State has given its consent to be sued. State v. Elliott, Tex.Civ.App., 212 S.W. 695, writ refused, and cases there cited.

In our view the trial court correctly sustained the plea of two years' limitation and the judgment is affirmed.

WALTHALL, J., not participating.