## UHLER v. TODD HOUSTON SHIPBUILD-ING CORPORATION.

### No. 11828.

Court of Civil Appeals of Texas. Galveston.

Dec. 12, 1946.

Sewall Myer and Al L. Crystal, both of Houston, for appellant.

Kayser, Liddell & Austin and Dwight H. Austin, all of Houston, for appellee.

CODY, Justice.

This action was instituted on February 28, 1946, by appellant, an employee of appellee, to recover damages or penalty from appellee under the provisions of the Fair Labor Standards Act of 1938, 29 U.S.C.A. §§ 207–216(b), by reason of the failure of appellee to pay overtime compensation. This action was instituted, according to the allegations of the petition, more than two years after it accrued. Appellant relied below, and relies here, for recovery entirely upon the statutory liability imposed by the aforesaid Act of Congress.

Appellee duly pled and urged the two year statute of limitations, which was sustained, and appellant declining to amend, his suit was dismissed—hence this appeal.

Appellant predicates his appeal upon three points:

1. This case should be reversed because the obligation of an employer under the Act to pay overtime compensation is not created by "contract" within the two years statute of limitations, Art. 5526, Revised Civil Statutes of Texas, but is a liability under the four year (catchall) statute, Art. 5529, Revised Statutes of Texas, and the court erred in sustaining appellee's plea.

2. This case should be reversed because this suit is not predicated on any State statutory right but by virtue of an Act of Congress, and there is no provision under the two year State statute of limitations

applicable as a bar to this suit. The catch-all, four year statute (R.C.S. Art. 5529) is applicable, and the court erred in sustaining appellee's plea.

3. A suit under the Fair Labor Standards Act is one for damages, and is not one as for debt and there is no provision for any such action under R.C.S. Art. 5526, and the court erred in sustaining appellee's plea.

### Opinion

The Federal statute, here involved, itself prescribes no period of limitation. R.C.S. Art. 5526 provides:

"There shall be commenced and prosecuted within two years after the cause of action shall have accrued, and not afterward, all actions or suits in court of the following description: * * *

"4. Actions for debt where the indebtedness is not evidenced by a contract in writing."

■ "It is the settled law of this state that the phrase 'actions for debt,' as used in our limitation statutes, is not the common-law *action for debt* in its strict literal interpretation, 'for we have no actions which come strictly and technically within that denomination.'" (Authorities) Rose v. First State Bank, 122 Tex. 298, 59 S.W.2d 810, 811.

■ In the cited case, the Supreme Court held that a liability imposed solely by statute (in the cited case, Art. 533) was barred by the two year statute of limitations. And with respect to the liability here sought to be enforced as imposed by aforesaid Federal statute, where an employee sued an employer for overtime, it has been held that aforesaid Texas two-year statute applies to bar recovery for overtime for work performed prior to two years before suit was filed. Klotz v. Ippolito, D.C., 40 F.Supp. 422, 426; Owin v. Liquid Carbonic Corporation, D.C., 42 F.Supp. 774, 776; Corbett v. Schlumberger Well Surveying Corporation, D.C., 43 F.Supp. 605, 606; Clark v. Jacksonville Compress Co., D.C., 45 F.Supp. 43, 47; Thomas v. Peerless Carbon Co., D.C., 62 F.Supp. 154, 155.

Appellant's aforesaid points are overruled, and the judgment is ordered affirmed.

Affirmed.