### HOLLINGSWORTH et al. v. CITIES SERVICE OIL CO.

### No. 4385.

Court of Civil Appeals of Texas. Beaumont.

Dec. 12, 1946.

Rehearing Denied Jan. 8, 1947.

Gilbert T. Adams, of Beaumont, for appellants.

H. J. Patterson, D. O. Dillon, and Cecil C. Cammack, all of Houston (A. Mills Ebright and Hayes McCoy, both of Bartlesville, Okl., of counsel), for appellee.

COE, Chief Justice.

This is a suit to recover overtime, liquidated damages and attorney's fees by appellants under the Fair Labor Standards Act, 29 U.S.C.A. §§ 201–219, because of overtime alleged to have been worked in excess of 40 hours per week while they were employed as pumpers on appellee's oil and gas lease in Liberty county, Texas.

The trial was before the court sitting with a jury. After the jury had returned its verdict in response to special issues, the court set aside and disregarded certain findings in the verdict of the jury and rendered judgment for appellee non obstante veredicto. Appellants, plaintiffs below, have perfected this appeal.

Appellant W. S. Hollingsworth alleged that he was employed by the appellee on January 22, 1942, and worked until May 8, 1943, less a period of time of six weeks, from December 24, 1942, to February 9, 1943; that he worked 12 hours per day, 6 days per week, totaling 72 hours per week, but that appellee paid him for only 40 hours for each week and therefore appellee owed plaintiff for 32 hours overtime for each and every week worked for said appellee. He further alleged his hourly wage rate covering various periods of time during his employment. The total overtime was alleged to amount to $2,763.96. With proper allegations that the work performed by him for appellee was work engaged in interstate commerce; also allegations for recovery of liquidated damages and attorney's fees. The appellant W. J. Hollingsworth made similar allegations except that he alleged that he was employed by appellant on May 20, 1939, and earned as overtime pay for

which he had not been paid the sum of $5,743.04. The appellant W. J. Hollingsworth prayed for judgment in the total amount of $14,986.08, and for costs of court. The appellant W. S. Hollingsworth prayed for judgment in the total sum of $7,027.92, and for costs of court.

Appellee answered, setting up by way of special exceptions the two and four years statutes of limitation of the state of Texas; by a general denial and special pleas of the two and four years statutes of limitations as a bar to appellants' cause of action. The trial court sustained appellee's special exceptions invoking the four years limitation statute and overruled the exception invoking the two years statute and proceeded to trial on that portion of plaintiffs' alleged cause of action that was not barred by the four years limitation statute.

In answer to special issues submitted, the jury found in answer to special issue No. 1 that W. J. Hollingsworth was employed by Cities Service Oil Company for a 12 hour period each day, six days per week, from May 18, 1941, through January 8, 1942, and by their answer to special issue No. 2 the jury found that W. J. Hollingsworth was on duty for Cities Service Oil Company 12 hours per day, six days per week, from May 1941 through January 8, 1942, except for a period of six days sick leave. Then followed special issues 3, 4 and 5, whereby the jury found the hourly wage rate of appellant W. J. Hollingsworth to be 87½ cents per hour, that his work was in connection with Interstate Commerce, that a reasonable attorney's fee would be $500. By special issue No. 6, the jury found that W. S. Hollingsworth was employed by Cities Service Oil Company for a 12 hour period each day, six days per week, from January 2, 1942, through May 8, 1943, and in answer to special issue No. 7 the jury found that the appellant W. S. Hollingsworth was on duty for Cities Service Oil Company 12 hours per day, six days per week, from January 22, 1942, to May 1, 1943, except for the period of time from November 29, 1942, to December 16, 1942, and from December 24, 1942, to February 13, 1943, followed by a finding that appellant W. S. Hollings-

worth performed his services in connection with Interstate Commerce, fixing his hourly wage rate for different periods of time for such employment, and finding a reasonable attorney's fee to be $500.

After the return of the jury's verdict, appellants moved for judgment on the verdict and the appellee moved for judgment non obstante veredicto and asked the court to disregard special issue No. 2 and the answer of the jury thereto, and special issue No. 7 and the jury's answer thereto, as having no support in the evidence and because it was conclusively shown that the entire cause of action asserted by appellants matured more than two years prior to the filing of the suit and was, therefore, barred by the two years statute of limitation. The trial court overruled appellants' motion for judgment and granted the motion of appellee for judgment non obstante veredicto, finding that the cause of action asserted by each of the appellants was barred by the two years statute of limitations as plead by appellee, and that the answers of the jury to special issues Nos. 2 and 7, and each of them, had no support in the evidence and should be disregarded and that a directed verdict would have been proper and should have been given by the court.

Appellants complain of the action of the trial court in disregarding and setting aside the jury's findings in answer to special issues Nos. 2 and 7 as having no support in the evidence, and the action of the court in holding that appellants' cause of action was barred under the two years statute of limitation. We are of the opinion that the trial court was in error in disregarding special issues No. 2 and No. 7, and the jury's findings in connection therewith for the reason that the evidence was sufficient to support the findings of the jury on the issues submitted. However, in view of the fact that the trial court was justified in granting the appellee's motion for judgment non obstante veredicto on the ground that appellants' cause of action was barred by the two years statute of limitation, we feel it unnecessary to undertake to detail the testimony which we feel was sufficient to support the findings of the jury.

268

The Fair Labor Standards Act, 29 U.S.C.A. § 201 et seq., under which appellants sued provides no period of limitation within itself. Therefore the appropriate state statute of limitation must be applied. Appellants contend that the four years statute of limitation is the only statute of limitation applicable to their asserted cause of action, while it is the contention of appellee that the entire cause of action asserted by appellants were barred by the two years statute of limitation. It is a well settled rule that the state statutes of limitation are applicable in actions under the Fair Labor Standards Act to recover compensation, liquidated damages and attorney's fees. See Annotations 157 A.L.R. 145; 162 A.L.R. 237. Article 5526, R.C.S. 1925, provides as follows: "There shall be commenced and prosecuted within two years after the cause of action shall have accrued, and not afterward, all actions or suits in the court of the following description: * * * [Section] 4. Actions for debts where the indebtedness is not evidenced by a contract in writing." Article 5529, R.C.S.1925, which appellants contend is the applicable statute of limitation to the cause of action here asserted, among other things provides: "Every action other than for the recovery of real estate, for which no limitation is otherwise prescribed, shall be brought within four years next after the right to bring the same shall have accrued and not afterwards." In support of appellants' contention that only the four years statute of limitation applies to the cause of action here asserted by them, they cite among other cases the case of Corsicana National Bank v. Johnson, 251 U.S. 68, 40 S.Ct. 82, 64 L.Ed. 141, where it was held that the statutory liability of a bank director for consenting to the making of an unlawful loan was not barred by the two years statute of limitation and that the four years statute of limitation applied. This holding by the Supreme Court of the United States seems to be in direct conflict with the holding of the Texas courts on the question. For some reason this holding was made by the court without referring to any Texas cases construing the two years statute of limitation. Our state courts have consistently held that the character of action here asserted is controlled by and is barred by the two years statute of limitation. Rose v. First State Bank of Paris, 122 Tex. 298, 59 S.W.2d 810, and cases there cited; Refugio Lumber Co. v. Bailey, Tex.Civ.App., 172 S.W.2d 133; Shaw v. Bush, Tex.Civ.App., 61 S.W.2d 526. It is also a well recogized rule that the construction given to a state statute by the highest judicial tribunal of the state may be regarded as a part of the statute and binding on the courts of the United States. Fidelity Union Trust Co. v. Field, 1940, 311 U.S. 169, 61 S.Ct. 176, 85 L.Ed. 109; Futrell v. Branson, 8 Cir., 104 F.2d 409, 410, and cases there cited. It was said by the court in Futrell v. Branson: "Since the Supreme Court of the state of Arkansas now has clearly and definitely held that the three-year statute of limitation applies to an action to enforce a bank stock liability, it is the duty of this court to follow, consequently, the judgment is affirmed." It seems that the Federal district courts of Texas have uniformly applied the two years statute of limitation to causes of action arising under the Fair Labor Standards Act. Klotz v. Ippolito, D.C., 40 F.Supp. 422; Owin v. Liquid Carbonic Corp., D.C., 42 F.Supp. 774; Duncan v. Montgomery Ward & Co., D.C., 42 F. Supp. 879; Corbett v. Schlumberger Well Sur. Corp., D.C., 43 F.Supp. 605; Clark v. Jacksonville Compress Co., D.C., 45 F.Supp. 43. From the authorities hereinabove cited, we are convinced, and so hold, that the cause of action here asserted by each of the appellants, having accrued more than two years before the filing of their suit, was barred by the two years statute of limitation and that the trial court correctly granted appellee's motion for judgment, notwithstanding the verdict, on that ground. Therefore, the judgment of the trial court is affirmed.