**AERO SALES CO. et al.**

v.

**COLUMBIA STEEL CO. et al.**

No. 29419.

United States District Court
N. D. California, S. D.
Feb. 24, 1954.

**694**

Julian Caplan, San Francisco, Cal., for plaintiffs.

Thomas Ashby, David J. McDaniel, San Francisco, Cal., for defendant Columbia Steel Co.

Herbert W. Clark, San Francisco, Cal., for defendants National Steel Corp., Granite Steel Co., Republic Steel Corp.

Lawrence S. Fletcher, Oakland, Cal., George W. Rice, Houston, Tex., for defendant Sheffield & Armco Corp.

Frederick M. Fisk, San Francisco, Cal., for defendant Jones & Laughlin Steel Corp.

Morris M. Doyle, San Francisco, Cal., for defendant United States Steel Corp.

HARRIS, District Judge.

Plaintiffs, engaged in the steel warehousing and fabricating business in Dallas and Houston, Texas, commenced the present treble damage action against defendants under Section 4 of the Clayton Act, as amended, 15 U.S.C.A. § 15, alleging violation of Section 1 of the Sherman Anti-Trust Act, 15 U.S.C.A. § 1.

Since the action was commenced in California plaintiffs look to the three-year statute of limitations, Code Civ. Proc. § 338(1), for establishing the period for which they may recover damages. The section in question requires an action to be brought within three years upon a liability created by statute, other than a penalty or forfeiture.

Defendants, who filed answers to the complaint, have moved the Court to amend their answers in order to assert the one year California statute of limitations applicable to an action upon a statute for a penalty or forfeiture. Code Civ.Proc. § 340(1). Previously they had relied on the Texas two year statute, Vernon's Ann.Texas Civ.Stat. art. 5526, subd. 4, which applies to "actions for debt where the indebtedness is not evidenced by a contract in writing." Plaintiffs have resisted the motions to amend answers by defendants. They do so on the ground that the Texas four year statute governs a case under the law of that state. (Vernon's Ann.Civ.Stats. art. 5529—"Every action * * * for which no limitation is otherwise prescribed, shall be brought within four years * * *.")

In their oral arguments and their briefs, defendants have presented persuasive arguments in support of their contention that a treble damage anti-

trust suit is encompassed within the term "penalty," as used in Code Civ.Proc. § 340(1). However, the matter has already been decided. Judge Goodman, in his pre-trial order of April 28, 1953, in Wolfe v. National Lead Co., 29500, ruled that the three year period applied. He stated, in part, that "the treble damage provision of the Clayton Act is not penal and * * * state limitations in penal actions are inapplicable." Cf. Judge Mathes' decision in United West Coast Theaters v. South Side Theaters, D.C., 86 F.Supp. 109. This Court concurs in the views expressed.

■ Under the California Borrowing Statute, Code Civ.Proc. § 361, this Court must look to the Texas statutes of limitations, in which state the cause of action arose for alleged breach of the Clayton and Sherman Acts. Electric Theatre Co. v. Twentieth Century-Fox, D.C., 113 F. Supp. 937.

■ The Courts of Texas have ruled consistently that the two year statute applies to liabilities created by statute. Rose v. First State Bank of Paris, 122 Tex. 298, 59 S.W.2d 810; Hollingsworth v. Cities Service Oil Co., Tex.Civ.App., 199 S.W.2d 266, certiorari denied 332 U. S. 774, 68 S.Ct. 83, 92 L.Ed. 359; Uhler v. Todd Houston Shipbuilding Corp., Tex. Civ.App., 198 S.W.2d 631. The federal courts in Texas have also construed actions for debt to include unliquidated statutory liability. Jones v. Canon, D.C., 3 F.Supp. 49; Clark v. Jacksonville Compress Co., D.C., 45 F.Supp. 43.

Plaintiffs rely upon Jones & Co. v. West Publishing Co., 5 Cir., 270 F. 563, in order to invoke the four year statute, Vernon's Ann.Civ.Stats. art. 5529, supra. This decision failed to cite previous interpretations of the Texas two year stat-ute of limitations. Nor has it been followed by the courts of Texas nor the federal courts sitting in that state. In the Jones case, the suit was barred by both the four year and the two year statutes. Without discussion, the Court held that plaintiff could not proceed because he was precluded from so doing by the four year statute of limitations.

The Court finds that the two year Texas statute of limitations is applicable in the case at bar.

It is ordered that defendants' motions to amend their answers be, and they hereby are, denied.

■ Defendants United States Steel Corporation and United States Steel Company have moved the Court that they be dropped as parties defendant. In view of the above ruling that the two year Texas statute of limitations bars any action against either of these defendants in their own behalf and that their liability must stem from their relationship to Columbia Steel Company whom they succeeded, their motions are well taken. Columbia will remain in the case and in the event a judgment is obtained, the United States Steel Corporation and United States Steel Company will be liable for Columbia Steel Company whose obligations they have assumed through merger. Revised Code of Delaware, 1935, Ch. 65, § 62, 8 Del.C. § 261; Fed.Rules Civ.Proc. rule 71, 28 U.S.C.A. Additionally, counsel for these defendants have stipulated that they have assumed all liabilities and obligations of Columbia Steel Company.

Accordingly, it is ordered that the motions to dismiss of United States Steel Corporation and United States Steel Company be, and the same hereby are, granted.