**Earl W. GREEN, Appellant,**

v.

**H. L. WILKINSON and U. S. Chewing Gum Mfg. Co., Appellees.**

**No. 15903.**

United States Court of Appeals Fifth Circuit.

May 31, 1956.

Steve Latham, Sam B. Spence, Anderson & Latham, Wichita, Falls, Tex., for appellant.

Leon B. Douglas, Austin, Lee Sellers, Nelson, Montgomery, Robertson & Sellers, Wichita Falls, Tex., for appellee.

Before TUTTLE, CAMERON and JONES, Circuit Judges.

PER CURIAM.

This appeal from a judgment of dismissal presents only the question whether an action for three-fold damages under the Federal anti-trust statutes, 15 U.S.C.A. §§ 1 and 15, is barred by the Texas two-year statute of limitations or the four-year statute, Vernon's Ann.Civ. St. arts. 5526, 5529. Holding that it was controlled by the two-year statute relating to actions for debt not evidenced by a written contract, the trial court dismissed the complaint as filed beyond the statutory period.

Appellant relies with confidence on Jones & Co. v. West Publishing Co., 5 Cir., 270 F. 563, in which this court held that in a similar suit the four-year statute applied. That holding in 1918 represented the view of this court as to the applicable Texas jurisprudence. The value of the decision as a precedent today, however, depends upon the state of the Texas law today. We think it quite clear that the Texas rule is otherwise. Recent Texas decisions clearly extend the liability for a "debt" to include actions based on statute. Typical of these actions are actions for underpayments of wages under the Fair Labor Standards Act, 29 U.S.C.A. § 201 et seq. Hollingsworth v. Cities Service Oil Co., Tex.Civ. App., 199 S.W.2d 266; Uhler v. Todd Houston Shipbuilding Co., Tex.Civ.App., 198 S.W.2d 631, and actions for statutory liability of a bank and its officers, Rose v. First State Bank, 122 Tex. 298, 59 S. W.2d 810. See also Aero Sales Co. v. Columbia Steel Co., D.C.N.D.Cal., 119 F.Supp. 693, in which the trial court held, as did the trial court here, that a treble damage suit under 15 U.S.C.A. §§ 1 and 15 was an action for such a debt as is covered by the Texas two-year statute.

The judgment is

Affirmed.