Birdie Amsterdam, J.
Defendant moves to dismiss the complaint herein on the grounds of legal insufficiency, that the court does not have jurisdiction of the subject matter, and that the action is time-barred.
The complaint alleges, in substance, that plaintiffs time-chartered a vessel from the owner of the vessel, Alcoa International, Inc. (hereinafter “Alcoa”); that between June 22, 1961 and July 12, 1961, defendant engaged in activities in Port Arthur, Texas, which were designed to prevent the loading of the chartered vessel by causing the said vessel to be picketed; that the picketing was secondary picketing and constituted a secondary boycott in that there was no dispute between either the owner of the vessel or the plaintiffs, who were the charterers On the contrary, it is alleged that the dispute was with a corporation related to the owner of the vessel. As a result of the secondary picketing, it is alleged that the vessel was detained in Port Arthur, Texas, the site of the picketing, and the owner of the vessel has a proceeding in arbitration seeking to require the plaintiffs to pay for the detention of the vessel, claiming that the detention was for the charterer’s account under the chartering agreement. The plaintiff charterers have resisted the claim of the owner on the ground that the picketing was against a corporation related to the owner and therefore for the owner’s account. The said issue is presently in arbitration, in accordance with the chartering agreement. The complaint further alleges that, in the event the charterers are held liable, the damages which they will sustain will have resulted from the wrongful acts of defendant, who should therefore be held liable for such amounts as may be awarded in such arbitration.
*514 Defendant contends that-the-eqmplaint -states no cause of action, since the liability alleged is contingent.. However, CPLR 3014 permits hypothetical pleadings; such pleadings are subject to the requirement of honesty and good faith (3 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 3014.12, p. 30-183). A case in point is Grant Co. v. Uneeda Doll Co., 19 A D 2d 361 [1st Dept.], affd. 15 N Y 2d 571). There the court upheld a hypothetical complaint in an action for indemnity by a retailer against a manufacturer in the amount of recovery that might be secured against the retailer if a consumer, was successful "in an action against the retailer in another State, upon a showing of honesty and good faith.
The facts alleged in the instant complaint indicate the bona fides and honesty of plaintiffs, who do not yet know at this stage whether those facts will result in liability to the owner of the vessel when the arbitration described in the complaint is concluded. In fact, the pending arbitration of the controversy as to plaintiffs’ primary liability to said owner precludes any possibility of prosecuting a third-party action or impleading the present defendants in the primary proceeding instituted by said owner. Consequently, the plaintiffs now face the necessity of proceeding on a hypothetically pleaded complaint as their sole remedy. In such circumstances, the interests of substantial justice plainly require, and have often been said to justify, not only hypothetical pleading but even a premature indemnification action (3 Weinstein-Korn-Miller, N. Y. Civ. Prac., p. 30-185). On this score, the complaint is legally sufficient.
Defendant further contends that this court has no jurisdiction of the subject matter, since plaintiffs’ exclusive remedy, if any, is an action under subdivision (b) of section 303 of the Labor Management Relations Act (U. S. Code, tit. 29, § 187, subd. [b]) (hereinafter L. M. R. A.). Section 303 reads:
“ (a) It shall be unlawful, for the purpose of this section only, in an industry or activity affecting commerce, for any labor organization to engage in any activity or conduct defined as an unfair labor practice in section 158(b)(4) of this title.
“ (b) Whoever shall be injured in his business or property by reason of any violation of subsection (a) of this section may sue therefor in any district court of the United States subject to the limitations and provisions of section 185 of this title without respect to the amount in controversy, or in any other court having jurisdiction of the parties, and shall recover the damages by him sustained and the costs of the suit.”
Section 8 (subd. [b], par; [4]) of the L. M. R. A. (U. S. Code, tit. 29, § 158, subd. [b], par, [4]) holds that it shall be *515 an unfair labor practice for a labor-organization or its agents:
“ (4)(i) to engage in, or to induce or encourage any individual employed by any person engaged in commerce or in an industry affecting commerce to engage in, a strike or a refusal in the course of his employment to use, manufacture, process, transport, or otherwise handle or work on any goods, articles, materials, or commodities or to perform any services; or (ii) to threaten, coerce, or restrain any person engaged in commerce or in an industry affecting commerce, where in either case an object thereof is * * *
“(B) forcing or requiring any person to cease using, selling, handling, transporting, or otherwise dealing in the products of any other producer, processor, or manufacturer, or to cease doing business with any other person
Plaintiffs herein and, it is claimed by them, the owner of the vessel, are foreign corporations, and as such subdivision (b) of section 303 of the L. M. R. A. is not available to either of them. This section is not applicable to a suit alleging damages by a foreign ship operated entirely by alien seamen, for losses resulting from picketing (Navios Corp. v. National Maritime Union of America, 236 F. Supp. 657). On this point it has been held that Congress intended the L. M. R. A. to provide a statutory remedy for American concerns and American unions only, in their labor disputes (Benz v. Companía Naviera Hidalgo, 353 U. S. 138; see, also, Incres S. S. Co. v. Maritime Workers, 372 U. S. 24). Though plaintiffs allege in the complaint they are foreign corporations, there is no allegation that the owner of the vessel (Alcoa International, Inc.) is also a foreign corporation. Plaintiffs refer to such fact in their memorandum and that the seamen aboard the vessel were foreign seamen. As requested in their brief, plaintiffs may amend the complaint to assert such facts.
As to the branch of the motion to dismiss the complaint as time-barred, it appears that the action arises under a Texas statute (Rev. Civ. Stat., art. 5154f) making it unlawful for any person or labor union to call, participate in, aid or abet a secondary strike or secondary picketing, or a secondary boycott. The action was commenced on June 14, 1965, a period of more than three years after the time of occurrence of the acts complained of.
New York CPLR 202 provides that “An action based upon a cause of action accruing without the state cannot- be commenced after the expiration of the time limited by the laws of either the state or the place without the state where the cause of action accrued, except that where the cause of action accrued *516 in favor of a resident ,of the state the time limited by the laws of the state shall apply.” Under CPLR 202 where the cause of action arises outside New York, either the Statute of Limitations of the foreign State or of New York State will apply— whichever is shorter (Isenberg v. Rainier, 145 App. Div. 256). CPLR 218 (subd. [b]) provides that if an action is not barred on September 1, 1963, the plaintiff gets the benefit of the Civil Practice Act or the CPLR, whichever gives him the longer period to sue. Subdivision 2 of section 48 of the Civil Practice Act provides a six-year period for commencement of an action to recover upon a liability created by a statute. That section is applicable pursuant to the saving provision of CPLR 218 (subd. [b]), giving the benefit of the longer period under the Civil Practice Act if the action was not, barred on September 1, 1963.
However, there is a shorter Statute of Limitations which is controlling under CPLR 202. The applicable statute is article 5526 of the Civil Statutes of the State of Texas, which provides in pertinent part:
‘ ‘ There shall be commenced and prosecuted within two years after the cause of action shall have accrued, and not afterward, all actions or suits in court of the following description: * * *
“ 4. Actions for debt where the indebtedness is not evidenced by a contract in writing.”
It appears that the settled law of Texas has extended the liability for a “debt” to include Actions based on statute. Hodges v. Price (163 S. W. 2d 868, 870 [Texas]) clearly expresses this point: “It is the established law in this state that obligations created by statute are subject to the bar of two years statute of limitations ”. (Accord: Hollingsworth v. Cities Serv. Oil Co., 199 S. W. 2d 266, cert. den. 332 U. S. 774; Cowart v. Russell, 135 Texas 562; Green v. Wilkinson, 234 F. 2d 120; Aero Sales Co. v. Columbia Steel Co., 119 F. Supp. 693.) But, the said two-year statute begins “ after the cause of action shall have accrued.”
The complaint is in the nature of indemnity, alleging a claim over against defendant if plaintiffs are required to pay the sum sought by Alcoa in arbitration, at which time plaintiffs’ damages, if any, will be ascertained. Under New York law, and, in fact the general law, a claim for indemnification does not accrue at the time of the commission of the tort but at the time of payment of the underlying claim (Prosser, Torts [3d ed.], p. 277; Taca Int. Airlines v. Rolls Royce of England, 47 Misc 2d 771). *517 (See, also, Goldner v. Wiener, 36 Misc 2d 741; Sheftman v. Balfour Housing Corp., 30 Misc 2d 924; Musco v. Conte, 22 A D 2d 121.) This rule applies to independent actions (Musco v. Conte, supra).
Neither party has considered this aspect of the motion, consequently they have not shown whether Texas law is in accord. However, defendant should not be precluded from proving that fact. In the absence of proof to the contrary, the court must assume that the law of Texas is the same as the law of New York (Gaines v. Jacobsen, 308 N. Y. 218; see International Text Book Co. v. Connelly, 206 N. Y. 188). Accordingly, on the time-barred branch of this motion, it is denied without prejudice to asserting such defense in the answer.
The final point raised by defendant is that the action against the union is not maintainable because of the failure to allege therein that the acts complained of were authorized or ratified by all the individual members of the union. They cite Martin v. Curran (303 N. Y. 276), Saint v. Pope (12 A D 2d 168) and other cases in support of such proposition. But plaintiffs are proceeding under Texas law; the complaint is addressed to a cause of action Avhich occurred in Texas under both the common law of Texas and the statutes of Texas cited in the complaint, which authorized suits against labor unions which violate the statute.
Accordingly, the motion is denied except that as to the Statute of Limitations, it is denied without prejudice to assert the defense of Statute of Limitations in the answer. Plaintiffs are granted leave to serve an amended complaint as herein indicated within 20 days of publication of this determination.