■ MICHAEL VERALDI, Appellant, v AMERICAN ANALYTICAL LABORATORIES, INC., et al., Respondents. [706 NYS2d 158] —In an action, *inter alia,* to recover damages for breach of contract, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Suffolk County (Hall, J.), dated February 22, 1999, as denied that branch of his motion which was to dismiss the defendants' first counterclaim to the extent that it sought a declaration that he is obligated to indemnify the defendants in any lawsuit resulting from his testimony in an action entitled *Aiello v Town of Brookhaven,* in the US District Court for the Eastern District of New York under Index No. 94-CV-2622, and the second and third counterclaims.

Ordered that the order is modified by deleting the provision thereof denying that branch of the motion which was to dismiss the defendants' first counterclaim to the extent that it sought a declaration that the plaintiff was obligated to indemnify the defendants in any lawsuit resulting from the plaintiff's testimony in the action entitled *Aiello v Town of Brookhaven,* US Dist Ct, ED NY, Index No. 94-CV-2622, and substituting

therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The plaintiff was a shareholder, director, officer, and employee of the defendant American Analytical Laboratories, Inc. (hereinafter American). Upon terminating his relationship with American, the plaintiff entered into a settlement agreement whereby American agreed to pay the plaintiff the principal sum of $40,000 pursuant to a promissory note, and the plaintiff agreed not to solicit certain customers or employees of American. American defaulted on the note and the plaintiff commenced this action to recover the note's principal sum of $40,000.

In their answer, the defendants asserted three counterclaims: first, *inter alia*, for a judgment declaring that the plaintiff was obligated to indemnify them in any lawsuit resulting from the plaintiff's testimony in the action entitled *Aiello v Town of Brookhaven;* second, to recover damages for breach of contract based upon the plaintiff's alleged solicitation of American's customers in violation of the restrictive covenant; and third, to recover damages for breach of contract based upon the plaintiff's alleged solicitation of American's employees, also in violation of the restrictive covenant.

The plaintiff contends that the defendants failed to state a cause of action in that branch of their first counterclaim which seeks a judgment declaring that he is obligated to indemnify them in any lawsuit resulting from the plaintiff's testimony in the action entitled *Aiello v Town of Brookhaven.* We agree. Since no action has been commenced against the defendants based on the plaintiff's testimony in the action entitled *Aiello v Town of Brookhaven,* the defendants' counterclaim for this relief is premature (*see, State of New York v Syracuse Rigging Co.,* 249 AD2d 758; *Moscato v City of New York [Parks Dept.],* 183 AD2d 599; *cf., Tepedino v Zurich-American Ins. Group,* 220 AD2d 579; *Banco do Brasil v Calhoon,* 50 Misc 2d 512).

The plaintiff's contention that the Supreme Court erred in failing to dismiss the defendants' second and third counterclaims is without merit. Accepting the allegations contained in the defendants' answer as true, and resolving all inferences which reasonably flow therefrom in their favor (*see, Cron v Hargro Fabrics,* 91 NY2d 362, 366), we find that those counterclaims state causes of action upon which relief may be granted.

Further, the restrictive covenant does not violate public policy and, therefore, is enforceable (*see, Slomin's Inc. v Gray,*

176 AD2d 934, 935). O'Brien, J. P., S. Miller, Friedmann and Smith, JJ., concur.