## BONAM v. SOUTHERN MENHADEN CORPORATION.

(District Court, S. D. Florida.    August 5, 1922.)

No. 1505.

1. **Courts ⬿375—When state statute of limitations is applied in federal courts stated.**

    Where there is no federal statute of limitations, the federal courts will give effect of the statute of the state.

2. **Admiralty ⬿34—Laches applicable in place of limitations.**

    While there are no statutes of limitations in admiralty, the court may, in its discretion, apply the doctrine of laches as equivalent, so that statutes barring old or stale claims are persuasive, but not controlling, in admiralty causes.

3. **Limitation of actions ⬿16—State statutes of limitations applicable to action at law by injured seaman.**

    Although the liability of an employer to a seaman injured in his employment was defined by the maritime substantive law, yet where the

seaman elected not to seek redress in admiralty, but to come into the law court, his remedial rights were governed by the procedure of the latter court and, as limitations pertain to the remedy, not to the right, the defendant had the right to invoke the Florida 3-year limitation stat-·ute (Rev. Gen. St. Fla. 1920, § 2939).

4. **Limitation of actions** ⊜⇒180(1)—**Properly presented by plea, not demurrer.**
   In a court of law the defense of limitations must be presented by plea, not by demurrer.

At Law. Action by E. Bonam against the Southern Menhaden Corporation. Motion to strike defendant's plea of the Florida statute of limitation of three years. Motion denied.

See 284 Fed. 360.

Marion B. Jennings, of Jacksonville, Fla., for plaintiff.
Marks, Marks & Holt, of Jacksonville, Fla., for defendant.

CLAYTON, District Judge. This cause now comes on for hearing on the motion of the plaintiff to strike the third plea to the fifth count and the third plea to the sixth count of the declaration upon the ground that each of the said pleas are frivolous and present no issue in the cause. Each of said pleas sets up as a defense that the suit was not brought within three years after the cause accrued. Rev. Gen. Stats. Fla. § 2939.

It may be that the question could have been more properly raised by demurrer than by motion to strike. But, without going into the differences of the office of a motion to strike and the office of a demurrer, it may be said that the pleas cannot be met by the motion here interposed (Hubbard v. Anderson, 50 Fla. 217, 39 South. 107; Guggenheimer v. Davidson, 62 Fla. 490, 56 South. 801), because it seems to me that the pleas of the statute of limitation are valid (Palmer v. Jackson, 62 Fla. 249, 57 South. 240).

[1] If there is no federal statute of limitations, the federal courts will give effect to the statute of the state. Leffingwell v. Warren, 2 Black, 599, 17 L. Ed. 261; Michigan Ins. Bank v. Eldred, 130 U. S. 693, 9 Sup. Ct. 690, 32 L. Ed. 1080; Harrison v. Remington, etc., 140 Fed. 385, 72 C. C. A. 405, 3 L. R. A. (N. S.) 954, 5 Ann. Cas. 314. But it is only where there is no federal statute that the limitation prescribed by the state statute is applicable. Atlanta v. Chattanooga, etc., 127 Fed. 23, 61 C. C. A. 387, 64 L. R. A. 721; Chattanooga Foundry, etc., v. Atlanta, 203 U. S. 390, 27 Sup. Ct. 65, 51 L. Ed. 241; Campbell v. Haverhill, 155 U. S. 610, 15 Sup. Ct. 217, 39 L. Ed. 280.

[2] However, the plaintiff insists that the statute of limitations cannot be allowed to defeat recovery here for the reason that the cause of action arose under maritime law and regulation, and that there is no statute of limitations in admiralty. It is true that there is no such statute known to admiralty jurisprudence, but even there the court may, in its discretion, apply the doctrine of laches as equivalent. Hence statutes barring old or stale claims are persuasive but are not controlling in admiralty causes.

[3] When this cause was before Judge Call of this court on former hearing (284 Fed. 360) on another demurrer which is not now

⊜⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

considered, it was held by him that, as it appears from the declaration that the plaintiff was a seaman, his rights to recover must be gaged ·by the maritime rather than by the common law, and that under the maritime law a seaman injured is entitled to recover his wages, his maintenance, and cure; that he is entitled to recover for indemnity for injuries caused by the unseaworthiness of the vessel. Now here for the first time is pleaded the statute of limitations (Rev. Gen. Stats. Fla. § 2939).

I agree with Judge Call that the cause of action arose under maritime law; that the declaration shows as much; and that the maritime substantive law is properly resorted to in order to define the defendant's liability. However, the plaintiff has not sought redress in admiralty, but has elected to come into the law court. The determining feature of the questions is whether any enforcement of the statute of limitations would be in derogation of the right or would merely operate upon the remedy he has selected.

It is settled law that a statute of limitation, strictly so called, excluding certain cases, for instance, where the title is acquired by prescription, generally operates on the remedy directly, and does not extinguish the right. The authorities are cited in footnote 2, p. 66, 17 R. C. L.

Now it seems to me that, where the plaintiff chose to go into the law court, he is bound to take the remedy there provided with the incidental rights afforded, for instance, trial by jury, together with the accompanying incidental obligation imposed by the· procedure controlling on the trial court.

The Supreme Court of the United States said in Chelentis v. Lukenbach, etc., 247 U. S. 378, 38 Sup. Ct. 502, 62 L. Ed. 1171, that—

"The contract of a seaman is maritime and has written into it those peculiar features of the maritime law that were considered in the case of the Osceola, 189 U. S. 158; and although, because of these peculiarities, such contracts are almost invariably litigated in admiralty courts, still the contract must be the same in every court, maritime or common law. *The only difference between a procedure in one court or the other would be that the remedy would be regulated by the lex fori.*" (Italics mine.)

And this definition from Bouvier's Law Dictionary is there made:

The distinction between rights and remedies is fundamental. A right is a well founded or acknowledged claim. A remedy is a means employed to enforce a right or redress an injury.

[4] The statute of limitations must be given effect in this court of law and it must be presented by plea, not by demurrer. Punta Gorda Bank v. State Bank of Ft. Meade, 52 Fla. 399, 42 South. 846; Green v. Rou, 56 Fla. 319, 48 South. 207. The rule is otherwise in chancery. Dees v. Smith, 55 Fla. 652, 46 South. 173; Erickson v. Ins. Co., 66 Fla. 154, 63 South. 716. It would be otherwise, as I have shown, had the plaintiff proceeded in admiralty. Consequently the plaintiff's motion is overruled.