### HAYNES v. AMERICAN MUT. BEN. ASS'N.
#### (No. 1364.)

(Court of Civil Appeals of Texas. Beaumont. April 6, 1926. Rehearing Denied April 14, 1926.)

1. Insurance ⬥789(2)—Mutual benefit association by refusing to pay sick benefits under policy because holder was "unprofitable member" held to waive requirement that insured give notice of illness.

Mutual benefit association by refusing to pay sick benefits under policy because holder was "unprofitable member" held to waive requirement that insured give notice of illness.

2. Costs ⬥32(3) — Having rendered judgment for plaintiff for amount less than sued for, court was in error in adjudging any part of costs against her (Complete Tex. St. 1920, or Vernon's Sayles' Ann. Civ. St. 1914, art. 2035).

Having rendered judgment for plaintiff for amount less than sued for, court was in error in adjudging any part of costs against her, in view of Complete Tex. St. 1920, or Vernon's Sayles' Ann. Civ. St. 1914, art. 2035.

Appeal from Jefferson County Court; C. N. Ellis, Judge.

Action by Ellen Ewing against the American Mutual Benefit Association. After judgment for plaintiff for a less amount than sued for, plaintiff died, and Walter Haynes, her son, became party to suit, and appeals. Reformed and affirmed in part, and in part reversed and rendered.

Thos. N. Hill, of Beaumont, for appellant.
Conley, Renfre & Keen and A. M. Huffman, all of Beaumont, for appellee.

HIGHTOWER, C. J. This suit was filed in the county court of Jefferson county at law by Ellen Ewing against the appellee here, American Mutual Benefit Association, to recover for sick benefits which she claimed under a life, health, and accident policy issued to her by appellee on January 9, 1922. The amount claimed in the plaintiff's petition to be due her as such benefits was $210, which she alleged appellee had refused to pay as it had bound itself to do under the policy, and

she alleged that because of such refusal she was entitled to recover the statutory penalty or 12 per cent. and also a reasonable attorney's fee in this suit, which she alleged was $125.

Appellee answered by general demurrer and a number of special exceptions, none of which are before us, and by general and special denials, and then appellee specially pleaded failure on the part of Ellen Ewing to comply with the provisions of the policy in giving notice to appellee of her illness in consequence of which she claimed indemnity.

By supplemental petition, Ellen Ewing denied that she had failed in any respects to comply with the policy in giving notice to appellee of her illness, for which she claimed indemnity, and specially alleged that, if she failed to comply with any provision of the policy in giving such notice to appellee such failure on her part was waived by appellee and that its refusal to pay to her the indemnity or sick benefits provided by the policy was not because of her failure to give appellee notice of her illness under any provision of the policy.

The case was tried before the county judge without a jury and judgment was rendered in favor of the plaintiff, Ellen Ewing, for $35, which amount the court stated was for benefits under the policy for five weeks at the rate of $7 per week, and the court declined to render judgment for any amount as penalty or attorney's fee.

Shortly after the rendition of the judgment, Ellen Ewing died, and appellant here, Walter Haynes, her son, became a party to the suit, and prosecutes this appeal. Counsel for appellant in his brief advances a number of assignments of error, with propositions thereunder, by which he challenges the judgment of the trial court in allowing a recovery to the plaintiff of only $35, and asserts that the judgment should have been in favor of the plaintiff for $180, but, if mistaken in that, at all events it should have been in favor of plaintiff for $150, together with the statutory penalty and attorney's fee, in either event.

We might say at the outset that all assignments of error urged by appellant are challenged by the learned counsel for appellee as being insufficient for a number of reasons to warrant consideration by this court, the principal reasons being that the assignments are too general, are multifarious, etc. We have concluded, however, that the assignments advanced in appellant's brief that must control this appeal are sufficient to require this court to give them consideration, and therefore the objections interposed by counsel for appellee to their consideration must be overruled.

The main and controlling contention advanced by appellant is that upon the findings of fact, as made by the trial court, and the

---

⬥For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

undisputed evidence adduced upon the trial, the judgment should have been rendered in favor of the plaintiff below for $180, or, if not, for $150, as sick benefits or illness indemnity, as provided by the policy, together with the 12 per cent. statutory penalty and attorney's fees. The court's findings of fact, stated substantially, were as follows:

That the policy here sued on was issued to Ellen Ewing by appellee on January 9, 1922, and that the premium therefor to be paid by her for the policy was $1.50 per month, payable in advance on the first of each month during the life of the policy.

That it was provided by the policy that appellee would pay to Ellen Ewing $30 per month for sickness occurring 60 days after the issuance of the policy, upon receipt of proof of such sickness and subject to the provisions and limitations of the policy, such payment to be based upon the number of days of Ellen Ewing's continuous illness.

That by the terms of the policy Ellen Ewing agreed to give written notice to appellee at its office in the city of Houston, Tex., of sickness within 10 days from the date of the beginning of disability from sickness upon which any claim by her should be based, unless notice as contained in the policy should be shown not to have been reasonably possible.

That the policy provided that appellee would pay for the number of consecutive days of illness that Ellen Ewing was necessarily and continuously confined to bed and regularly visited at least once a week by a regularly qualified physician on account of her illness. The policy provided that the proof of such illness should be the attending physician's certificate written upon blanks furnished by appellee.

That the policy lapsed on the first day of July, 1924, because of Ellen Ewing's failure to pay further premiums.

That Ellen Ewing was sick while the policy was in force, and that she made five applications to appellee for sick benefits, and that each of these applications called for one week's disability, and that Ellen Ewing made application altogether for 35 days' benefit on account of sickness.

That appellee is a mutual benefit association, and operates as such under the law of this state.

The court made the further finding of fact as follows:

"I find that the plaintiff, Ellen Ewing, was not sick and did not comply with the terms of the policy in giving notice, nor otherwise during the remainder of the time which she claims in her petition and I find that she was visiting around Bryan, Tex., and Galveston, Tex., and made no effort to comply with the policy in any manner, if she was sick at any time, save and except the times hereinbefore found."

Counsel for appellant filed a number of exceptions and objections to the court's find-

ings of fact above, and especially to the court's finding that Ellen Ewing was not sick, and that she was visiting around Bryan and Galveston, and that she did not give notice to appellee of her sickness in compliance with the provisions of the policy, and these exceptions and objections were overruled by the trial court, but the trial court, at appellant's request, filed additional findings of fact, as follows:

"(a) I find it was proven as a fact that the insured, Ellen Ewing, paid all the premiums due under said policy to the 1st day of July, 1924.

"(b) I find that the five applications for sick benefits found to have been made by insured were made, one in February, one in March, one in April, one in May, and one in June, respectively, 1924.

"(c) I find that all applications were made in the manner and form required by the policy of insurance.

"(d) I find that all said applications were refused payment by the defendant at the time presented.

"(e) I find that payment on said applications was refused for reasons other than that proofs of illness were not furnished.

"(f) I find that the demand was made on defendant for payment of loss, under the policy, on April 30, 1924, and June 25, 1924.

We approve and sustain all the findings of fact made by the trial court, with the exception of the finding that Ellen Ewing was not sick, as claimed by her in this suit, and that she did not give notice to appellee of such sickness, in substantial compliance with the provisions of the policy.

[1] We shall not enter into a lengthy discussion of the facts in this case, nor the questions involved, because we consider that the material facts are wholly without dispute in this record, and, there being no novel legal principles involved, a protracted opinion would serve no useful purpose. We think that the evidence shows without any dispute whatever that Ellen Ewing was seriously ill and was continuously confined to her bed during the months of February, March, April, May, and June, 1924, and that she was regularly visited at least once a week by regularly practicing physicians on account of her illness, during which time the policy in this case was in force, and that appellee was duly notified in writing of such continued illness and treatment, and that certificates made by the attending physicians were furnished to appellee of such illness and treatment. But if we are mistaken in our conclusion that the notice given to appellee of Ellen Ewing's illness and sickness during the months stated was not in strict compliance with the provisions of the policy, nevertheless, we hold that appellee had waived such compliance with the provisions of the policy, because the undisputed proof in this record shows that appellee had already declined to recognize its

liability to any extent under this policy, and its president had stated by letter that appellee recognized no liability under the policy, and would pay no claim made thereunder, not because notice of Ellen Ewing's illness and claims for benefits was not furnished in compliance with the policy, but because, in the language of appellee's president, she was an "unprofitable member." It is very clear from the undisputed evidence that if Ellen Ewing had made an application every week during the months of February, March, April, May, and June, 1924, as appellee contends she should have done, according to the provisions of the policy, appellee would have denied and repudiated any liability on its part, and would have declined to pay any such claimed benefit. Therefore, even if the trial court's finding of fact that Ellen Ewing did not give notice of her sickness and make claims for benefit in accordance with the provisions of the policy had support in the evidence, nevertheless, the undisputed facts showing, and as the court found, that appellee's refusal to pay the benefits herein claimed was not because of the failure to give the notice in accordance with the provisions of the policy, but for other reasons, it is clear that such failure to give notice was waived by appellee, as pleaded by appellant, and as established by the uncontradicted evidence in this record. And appellee's liability in this case cannot be defeated on its plea of failure, on the part of Ellen Ewing to give proper notice of her illness. Francis v. International Travelers' Association (Tex. Civ. App.) 260 S. W. 946, and authorities there cited.

Under the provisions of the policy in this case and the undisputed evidence, it was the duty of the trial court to render judgment in favor of the plaintiff, Ellen Ewing, for $150, if, indeed, it was not liable for a greater amount. The court was correct, however, in refusing to allow the penalty and attorney's fees claimed by the plaintiff. It follows from these conclusions that the trial court's judgment ought to be reformed in favor of appellant here, so as to allow him recovery of $150, with interest on that amount from the date of the judgment at the rate of 6 per cent. per annum, instead of only $35, as allowed by the trial court. And the judgment will be so reformed and affirmed.

[2] The record in this case shows that the court, after having rendered judgment in favor of the plaintiff for $35, taxed against her the costs of taking her depositions in this case, which was $10. The court should not have done this, and there is no reason assigned in his judgment for this action. Having rendered judgment in favor of the plaintiff for some amount sued for by her, the court was in error in adjudging any part of the costs against the plaintiff. Article 2035, Complete Tex. St. 1920, or Vernon's Sayles'

Ann. Civ. St. 1914; Bryan v. McKinney (Tex. Civ. App.) 279 S. W. 475. Therefore, that part of the judgment assessing the costs of taking the plaintiff's depositions against her is reversed and here rendered in favor of appellant.

Judgment reformed and affirmed in part and in part reversed and rendered.