KUNSCHMAN v. UNITED STATES et al.

No. 118.

Circuit Court of Appeals, Second Circuit.

Jan. 11, 1932.

988

man, in addition to his rights under the maritime law, new rights and remedies, and also gives his personal representative a cause of action for death. Charles Nelson v. Curtis (C. C. A.) 1 F.(2d) 774. These rights and remedies are those possessed by railway employees and their personal representatives under the laws of the United States. Panama R. R. v. Johnson, 264 U. S. 375, 44 S. Ct. 391, 68 L. Ed. 748. As this action was brought by the personal representative to recover damages for the death of the seaman, the rights of the parties depend upon the statute and not upon the general maritime law, under which there can be no recovery on a death claim. Western Fuel Co. v. Garcia, 257 U. S. 233, 240, 42 S. Ct. 89, 66 L. Ed. 210; U. S. Shipping Board Emergency Fleet Corporation v. Greenwald, 16 F.(2d) 948 (C. C. A. 2). Consequently, it is not enough to show that the ship was unseaworthy, but it must appear that the death was caused by negligence chargeable in law to the employer. As it fairly appears that Kunschman's death was due to negligence in the construction of the engine which exploded, it remains to be seen whether that negligence is to be attributed to his employer, the owner of the Triumph.

That an engine of the type of the No. 4 would have been safe if there had been no negligence in respect to the air compressor piston, we shall assume for the purposes of this case, although there was a well-supported claim that faulty design in the ventilating system of the crank case contributed to the cause of the accident.

 Gibbs & Cox were not independent contractors, but acted for the government to supplement its own force of engineers. Although the defective engine was built by an independent contractor, McIntosh & Seymour Corporation, the selection of the faulty piston was in every real sense the selection of Cook and so that of the libelees. While an owner who lets the construction of an engine to an independent contractor may not be responsible under the doctrine of respondeat superior for the negligence of such contractor or his servants, where the owner supervises the work and knows, or should know because of such supervision, that the engine is inherently dangerous, the owner is not freed of responsibility for its condition. The primary duty was on the shipowner to provide a safe engine in the fulfillment of its obligation to the deceased to furnish safe appliances with which to work. Panama R. R. Co. v. Johnson, supra. And the statute allows recovery for negligence in this

Simone N. Gazan, of New York City, for libelant-appellant.

George Z. Medalie, U. S. Atty., of New York City (Frederick H. Cunningham, of New York City, of counsel), for respondents-appellees.

Before MANTON, L. HAND, and CHASE, Circuit Judges.

CHASE, Circuit Judge (after stating the facts as above).

 The above-mentioned statute under which this action was brought gives to a sea-

regard. Howarth v. United States Shipping Board Emergency Fleet Corporation et al. (C. C. A.) 24 F.(2d) 374, although such owner is not an insurer. Burton v. Greig (C. C. A.) 271 F. 271. When it undertakes to fulfill this duty by means of an independent contractor but nevertheless keeps such control over the work that it has, or is charged with, the same knowledge of defects it would have had if it had done the work itself and one of its employees who is furnished the appliance with which to work is injured because of a defect due to negligent construction, the proximate cause of the injury is not the negligence of the independent contractor, but that of the shipowner. Under such circumstances the owner cannot escape responsibility for the negligence because in law it is its own. See Caspersen v. La Sala Bros., 253 N. Y. 491, 171 N. E. 754; Hooey v. Airport Construction Co., 253 N. Y. 486, 171 N. E. 752, 754. As was said in the last-cited case: "Escape from responsibility through the delegation of duty to another is a defense to be proved, not a privilege presumed." In this case the evidence is conclusive that the McIntosh & Seymour Corporation was not under contract to build suitable Diesel engines for the Triumph, but to build the engines, according to the plans and specifications of the owner and under the owner's actual controlling supervision, which the owner wanted built. No permitted delegation of duty to a competent independent contractor was shown even if it be assumed for the purposes of this case that the duty could be delegated.

Considering the age and circumstances of the deceased and his parents and the fact that he contributed $20 a week to their support, $8,000 represents, in our opinion, the reasonable pecuniary value of the loss sustained through his death.

Decree reversed, with directions to enter a decree for the libelant to recover the sum of $8,000.