## CARSTENS v. GREAT LAKES TOWING CO.

### Clv. No. 22686.

District Court, N. D. Ohio, E. D.
Nov. 15, 1945.

Geo. C. Mulvihill, of Cleveland, Ohio, for plaintiff.

McKeehan, Merrick, Arter & Stewart and George C. Cottrell, all of Cleveland, Ohio, for defendant.

JONES, District Judge.

On June 20, 1943, plaintiff's intestate was in command of defendant's Tug Alpena, which was hired to assist the Steamer Mudge into the inner harbor at Huron, Ohio. The Steamer Mudge was underway, and plaintiff's intestate went alongside the starboard side of the Mudge to take a head-line. While the crew of the tug were placing the towing hawser of the Mudge on the stern bits of the Alpena, the after quarter of the tug came in contact with the starboard bow of the Mudge and caused the Alpena to roll over and sink in the waters of Lake Erie resulting in the loss of life of plaintiff's intestate, injuries to the tug crew and loss of their personal effects, and loss and damage to defendant which included the cost of raising and repairing the tug.

The plaintiff filed this action under the Jones Act, 46 U.S.C.A. § 688, setting up two causes of action, the first of which is based upon negligence and the second upon unseaworthiness of the tug. Defendant's answer sets up a counterclaim by which it seeks to recover for the loss it sustained because of the alleged negligence of plaintiff's intestate in directing the course and speed of the tug, in failing to give signals and in failing to handle and maneuver the tug with reasonable care.

The case is presently before the Court on three motions: (1) defendant's motion to require further answers to its interrogatories to plaintiff or, in the alternative, to dismiss the amended complaint; (2) defendant's motion for judgment on the pleadings and/or motion for summary judgment dismissing the second cause of action of the amended complaint; and (3) plaintiff's motion to strike defendant's counterclaim.

■■ Defendant has requested further answers to 23 of its 41 interrogatories for the reason that the answers given were evasive. The plaintiff says that she is the personal representative of her deceased husband, is not a sailor, was not present at the accident and that, if she is ordered to give more definite answers, she must answer from hearsay and give opinions she is not qualified to express. With three exceptions, it seems futile for defendant to attempt to obtain the information it desires by interrogatories. Usually, the object of interrogatories is to obtain answers which can be introduced in evidence at the trial as admissions against interest; and the test usually applied in ruling on an objection to an interrogatory is whether the interrogatory would be proper if asked the witness on the stand. Here the interrogatories would not be proper questions if the plaintiff was testifying as a witness, and if she answered the interrogatories from hearsay the answers should not be binding on her as admissions. The defendant contends, however, that plaintiff should be required to answer the interrogatories on the basis of information which her counsel obtained in his investigation of the case so as to give the defendant notice of what plaintiff expects to prove. Such answers would probably be of little use to either defendant or the Court. The plaintiff could hardly be expected to give definite unevasive answers, and the answers she would give would be little more than statements reflecting her most optimistic hopes of what she would be able to prove. As defendant knows the names of the crew members who witnessed the accident, it may as well obtain the information it desires from its original source.

■ It seems, however, that more definite answers should be required to Interrogatories 9, 21 and 22. In answer to Interrogatory 9 ("To what signals does plaintiff refer?"), plaintiff said, "The usual signals between pilot house and engineroom." As the plaintiff apparently knows what the "usual signals" are, she should state them. Interrogatory 21 asked, "What was the average gross income of plaintiff's intestate for the last five years prior to his death?" In Interrogatory 22, defendant inquired, "Of this amount, what was the average amount paid to plaintiff for her support and maintenance by plaintiff's intestate?" The answer given to No. 21 was, "1943, Great Lakes Towing Company, opening of navigation to date of death $1,191.00. Other information not

available", and the answer to No. 22 was, "Entire amount except small sums for tobacco, etc." The plaintiff certainly has some knowledge of the facts requested in those two interrogatories and should answer by stating her intestate's gross income for each of the five years and the amount that was paid to her for support and maintenance.

■ Defendant's motion to dismiss the second cause of action of the amended complaint should be granted. The defense of lack of jurisdiction over the subject matter is not waived by filing an answer. Rule 12(h) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c. Plaintiff asserts in her brief that in both causes of action her suit is under the Jones Act, 46 U.S.C.A. § 688. Under the Jones Act, a cause of action cannot be predicated upon unseaworthiness unless the unseaworthiness was attributable to negligence. In Kunschman v. United States, 2 Cir., 54 F.2d 987, 989, the court said: "* * * As this action was brought by the personal representative to recover damages for the death of the seaman, the rights of the parties depend upon the statute and not upon the general maritime law, under which there can be no recovery on a death claim. Western Fuel Co. v. Garcia, 257 U.S. 233, 240, 42 S.Ct. 89, 66 L. Ed. 210; United States Shipping Board Emergency Fleet Corporation v. Greenwald, [2 Cir.], 16 F.2d 948. Consequently, it is not enough to show that the ship was unseaworthy, but it must appear that the death was caused by negligence chargeable in law to the employer."

The above decision was followed in American Pacific Whaling Co. v. Kristensen, 9 Cir., 93 F.2d 17, 19, the court said: "It will thus be seen that negligence constitutes the gravamen of this case. Kunschman v. United States [2 Cir.], 1932, 54 F.2d 987. Defective appliances are not per se due to the negligence of the employer, as in other cases in admiralty, and he is not liable for 'any defect or insufficiency in plant or equipment that is not attributable to negligence.' Delaware, etc., Ry. Co. v. Koske, 1929, 279 U.S. 7, 10, 49 S.Ct. 202, 203, 73 L.Ed. 578."

In Luber, Administratrix v. O'Meara, Md., 1942 A.M.C. 937, the court held that:

"Inasmuch as the allegations of the first count, as particularized, base liability entirely upon unseaworthiness that count is insufficient. While unseaworthiness has been held to afford a basis of liability, it is only where the unseaworthiness was either created by or known to the employer.

"In the second count, as particularized, liability is based upon unseaworthiness alleged to have been known to the defendant, and further alleged to have been permitted to continue. If the further allegation is made that this condition was known to the defendant for a sufficient length of time for him to have corrected it, this count would in that respect be sufficient. It follows that in neither count is there a legally sufficient allegation of negligence on the part of the defendant."

■ As the allegations of the second cause of action only aver that decedent's death was caused by unseaworthiness of the tug, and plaintiff has failed to allege any facts showing that such unseaworthiness was attributable to defendant's negligence, the second cause of action is insufficient and should be dismissed.

■ In support of her motion to strike defendant's counterclaim, the plaintiff contends that defendant's counterclaim is an admiralty cause of action and therefore cannot be interposed in this action because the Federal Rules of Civil Procedure do not apply to proceedings in admiralty. Actions in personam to recover damages caused by collisions in navigable waters are not within the exclusive jurisdiction of admiralty, and courts administering common-law remedies have concurrent jurisdiction. 28 U.S.C.A. § 41(3); 28 U.S.C.A. § 371; Schoonmaker v. Gilmore, 102 U.S. 118, 26 L.Ed. 95; 1 Benedict on Admiralty 35. Since a suit could have been brought on the alleged counterclaim on the law side of this court (or in a state court) and the claim arose out of the same occurrence as the plaintiff's action, the defendant should be permitted to set up its counterclaim in this suit.

Based upon the foregoing summary of facts and the law the defendant's motion to require further answers to its interrogatories will be granted as to Interrogatories 9, 21 and 22 and denied as to the others, the second cause of action of the amended complaint will be dismissed, and plaintiff's motion to strike defendant's counterclaim will be overruled.