**TURCICH v. LIBERTY CORP.**
Civ. A. No. 13225.

United States District Court
E. D. Pennsylvania.

Feb. 26, 1954.

1. 29 CFR Part 102, § 102.57(b).

2. Myers v. Bethlehem Shipbuilding Corp.,

303 U.S. 41, 50, 58 S.Ct. 459, 82 L.Ed. 638.

8.

---

Joseph Weiner, Philadelphia, for plaintiff.

Thomas E. Comber, Jr., Philadelphia, for defendant.

WATSON, District Judge.

This is an action under the Jones Act.[1] The plaintiff, Mary Turcich, administratrix of the estate of John Zvanja, deceased, brought the action against The Liberty Corporation to recover the pecuniary loss alleged to have been suffered by the deceased's three sisters and two brothers as a result of the death of John Zvanja, an employee of the defendant corporation.

The case was tried by the Court and a jury. The jury returned a verdict for the defendant and the plaintiff has moved for a new trial. A hearing was duly held on the motion for a new trial and the matter is now before the Court for disposition.

The evidence showed that the decedent was a seaman on the defendant's dredge Freedom; that on May 25, 1951, the decedent with three other members of the crew crossed on defendant's launch Morning Star from the dredge to the New Jersey side of the Delaware River where they visited a drinking establishment; and that on their return when they arrived at the dredge, the decedent fell off the launch into the water and was drowned.

The contention of the plaintiff is that the deceased's death was the result of careless handling of the launch Morning Star by one of the defendant's employees, and the unseaworthiness of the launch Morning Star.

The plaintiff has assigned seven reasons in support of her motion. After careful consideration of the arguments and briefs of counsel, I conclude that Reasons 1, 2, 3, and 4 are without merit and require no discussion.

Reason 5 is as follows:

"The Learned Trial Judge erred in failing to properly and adequately define 'unseaworthiness' in his charge to the jury".

The plaintiff in her request for instructions did not request the Court to define "unseaworthiness" nor did she object to the alleged failure of the Court to define "unseaworthiness" before the jury retired to consider its verdict.

Rule 51 of the Federal Rules of Civil Procedure, 28 U.S.C.A., provides:

"* * * * No party may assign as error the giving or the failure to give an instruction unless he objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which he objects and the grounds of his objection. * * * *"

The Court in its charge did say:

"* * * * You will recall that I said to you that before you can find a verdict for the plaintiff, you must find from the evidence that the negligence on the part of the defendant was the proximate cause of the decedent's death. * * *

"Let us see what is meant by negligence. * * *

"Negligence is defined as the want of due care under the circumstances. It has also been defined as the omission of doing what an ordinarily prudent person or man or woman would do under such circumstances, or the doing of that which an ordinarily prudent person would not do under the circumstances.

---

"You must bear in mind, also, that the burden of proof as to the negligence of the defendant is upon the plaintiff in this case. The plaintiff must convince you by the fair weight of the evidence that her contention is right, that is, that the defendant was negligent, and that such negligence was the proximate cause of this accident.

"If, therefore, you find that the plaintiff has not established defendant's negligence by the fair weight of the evidence, your verdict must be for the defendant in this case. * * *

"The plaintiff contends that the decedent's death was brought about because of the careless handling of the launch by the defendant's employee Zuvich, and because of the fact that the launch was unseaworthy; and the burden is upon the plaintiff to convince you by the fair weight of the testimony that her contention is right in this regard.

"The contention of the defendant here is that there was no negligence shown on the part of Zuvich, the operator of the launch, and that the evidence does not show that the launch was unseaworthy.

"Those are the important questions for you here. Those are the two questions; one, negligence with reference to the launch itself, the condition of it as to its seaworthiness; and the other one, was there any negligence which was the proximate cause of the accident on the part of the person who was operating this launch at the time of the accident. * * *

"In determining whether or not the launch was unseaworthy, as contended by the plaintiff, you will determine that fact from the evidence in the case; and in this connection you will recall testimony of witnesses as to the structure of the launch, as to the cockpit, as to the rails and other equipment, and all the other evidence in the case tending to shed light upon the actual condition of and on this launch at the time of the accident, as to whether or not this launch was seaworthy at the time the accident occurred.

"An employer under the Jones Act is liable for negligence. Negligence as used in that statute must be given a liberal interpretation. It includes any knowing or careless breach of any obligation which the employer owes to the seaman. Among those obligations is that of seeing to the safety of the crew.

"If you find from the evidence that the proximate cause of decedent's death was either the unseaworthiness of the launch Morning Star or the negligence of any member of the crew, or both, you should find a verdict for this plaintiff; but if you find that the proximate cause of the decedent's death was neither the unseaworthiness of the launch nor the negligence of a member of the crew, then you should find a verdict for the defendant. * * *"

■ It appears that counsel for the plaintiff has overlooked the fact that this action was brought by the personal representative to recover damages for the death of the seaman. In this case, the rights of the party depend upon the statute and not upon the general maritime law under which there can be no recovery on a death claim. Consequently, it is not enough to show that the ship was unseaworthy, but it must appear that the death was caused by negligence chargeable in law to the employer. Kunschman v. United States, 2 Cir., 54 F.2d 987.

■ With respect to the unseaworthiness of the launch Morning Star, the charge of the Court was adequate and proper.

Reason 6 is as follows:

"The Learned Trial Judge erred in failing to charge the jury that the duty to furnish a seaworthy vessel and appliances was a non-dele-

gable and absolute duty imposed by law".

Again, counsel for plaintiff has overlooked the fact that this action was brought by the personal representative to recover damages for the death of the seaman and that it is not enough to show that the ship was unseaworthy but it must appear that the death was caused by negligence chargeable in law to the employer.

■■■ It is true that under the general maritime law there is a duty of the ship owners to their seamen to see that their ship is seaworthy and her equipment in safe condition for use when she starts on a voyage which duty is a personal one, responsibility for which it cannot escape by delegating its performance to another. The duty to use reasonable care in keeping a ship and her appliances in safe condition is a continuing duty resting on the owners during the voyage, and is nondelegable. It is an absolute duty for the breach of which without regard to negligence the injured seaman may recover from the owners, for the general maritime law makes the owners liable for such losses. However, the doctrine of unseaworthiness as announced by the United States Supreme Court in the case of The Oscela, 189 U.S. 158, 23 S.Ct. 483, 47 L.Ed. 760, relates only to the seaman's own right to recover for personal injuries occasioned by the unseaworthiness of the vessel and confers no right whatever upon his personal representative to recover indemnity for his death. Lindgren v. United States, 281 U.S. 38, 50 S.Ct. 207, 74 L. Ed. 686. Until the passage of the Jones Act, there was no Federal right of action for the wrongful death of a seaman caused by negligence.

■■■ The gist or gravamen of an action under the Jones Act is negligence. In order to maintain an action under the Act, the seaman or his personal representative must allege and prove negligence, for unless the seaman or his personal representative can establish negligence of the owners of the vessel or her officers, agents or employees, no liability exists. The negligence of the owners of the vessel may consist in the failure to supply and maintain a seaworthy vessel, properly equipped and manned or the negligence of the master or members of the crew, as provided in the Act.

■■■ The charge of the Court with reference to the duty of the defendant to furnish a seaworthy vessel was proper and adequate in this case.

Reason 7 is as follows:

"Counsel for the defendant improperly prejudiced plaintiff's claim in his closing speech to the jury by advising the jury that the plaintiff had a right to proceed under the Longshoremen's and Harbor Workers' Compensation Act [33 U.S.C.A. § 901 et seq.], when, in actual fact, there is not and was not such a right."

■■■ The remarks by counsel for the defendant are as follows:

"Mr. Comber: Ladies and gentlemen of the jury, this decedent, of course, was an employee of ours, and as an employee of ours he unquestionably or those who survived him have a right under the law to be taken care of as the law provides, and that is first under the Longshoremen and Harbor Workers' Compensation Act any of his dependents get what the law provides under that Act. That is not before us. That is a very definite thing with which I presume you are either familiar federally or as a result of the state.

"The Jones Act is an act which goes forth and it says as and if this man's death was the result of negligence on the part of the defendant company, and someone has a reasonable right to expect a pecuniary return from the continuance of that man's life, they are entitled to recover the present worth of that which they had a right to reasonably expect as and if the man had continued to live and was able to work.

"That is what it is, solely. That is our obligation, first, to our employee positively, and the second conditionally.

"I might say right here and now that we are not in here seeking to deprive those who are entitled to anything properly under this from anything that they are rightfully entitled to. We are here primarily because we feel confidently that we are not responsible for this accident on this basis of negligence, and without negligence we owe them nothing; they are relegated to the Longshoremen and Harbor Workers' Compensation Act, and if qualified under that, get it automatically, you might say.

"Bear in mind this unfortunate accident does not deprive him of any of the rights they might have, or anybody he leaves behind him that qualifies under the Longshoremen and Harbor Workers' Compensation Act. That follows. It is just this extraordinary stuff that they are trying to come in and get, and therefore they are not entitled to. under the Jones Act."

Counsel for plaintiff did not object to the remarks at the time they were made nor at any other time until after the verdict was rendered by the jury. The remarks by counsel for the defendant were an attempt to inform the jury as to the law which was not his proper function. That should properly have been left to the judge. The Court in charging the jury fully informed the jurors as to the law under which the action was brought and as to that which they should find from the evidence before they could properly find a verdict for the plaintiff. The remarks of counsel for defendant were not prejudicial in the slightest degree. A continued discussion of those remarks by counsel and by the judge in the hearing of the jury might have caused serious confusion in the minds of the jurors. The remarks by the Court in its charge left no doubt in the minds of the jurors as to the fact that the present action was under the Jones Act and that no other act was involved or to be considered by them.

The jury was not convinced by the evidence that the negligence of the defendant, or its officers, agents or employees, was the cause of the accident, but the jury was apparently convinced by the evidence that the negligence of the decedent was the sole cause of the accident.

It is the conclusion of this Court that the record shows no error in the trial that was prejudicial to or affected the substantial rights of the plaintiff. The verdict was not contrary to the law, or the weight of the evidence. Plaintiff received a fair trial and the verdict was supported by legal evidence. Plaintiff has failed to advance any valid reasons why a new trial should be granted, and, therefore, plaintiff's motion for a new trial should be denied.

An appropriate order will be filed herewith.