**Mary TURCICH, Administratrix of the Estate of John Zvanja, Deceased,**

v.

**The LIBERTY CORPORATION.**

**In re ZVANJA'S ESTATE.**

**No. 11317.**

United States Court of Appeals, Third Circuit.

Argued Nov. 19, 1954.

Decided Dec. 10, 1954.

496

Charles Lakatos, Philadelphia, Pa. (Abraham E. Freedman, Joseph Weiner, Freedman, Landy & Lorry, Philadelphia, Pa., on the brief), for appellant.

Thomas E. Comber, Jr., Philadelphia, Pa. (Augustus S. Ballard, Philadelphia, Pa., Pepper, Bodine, Frick, Scheetz & Hamilton, Philadelphia, Pa., on the brief), for appellee.

Before GOODRICH, STALEY and HASTIE, Circuit Judges.

PER CURIAM.

This is an appeal from a judgment for the defendant in an action for wrongful death under the Jones Act, 46 U.S.C.A. § 688, brought by the personal representative of a deceased seaman on behalf of dependent relatives. The action was tried by the district court and a jury. After the jury returned its verdict for the defendant the plaintiff moved for a new trial. After hearing the motion, it was denied for the reasons set forth in Turcich v. Liberty Corp., D.C.E.D.Pa.1954, 119 F.Supp. 7.

In this appeal plaintiff contends, inter alia, that the court's charge, taken as a whole, predicates liability for unseaworthiness on a showing of negligence. Plaintiff's second point is that by analogy to those cases under the Federal Employers' Liability Act, 45 U.S.C.A. § 51 et seq., in which recovery for the death of railroad workers has been predicated upon a nonnegligent breach of the federal Safety Appliances Statutes, 45 U.S.C.A. § 1 et seq., this Court should allow recovery under the Jones Act for the death of a seaman resulting from a nonnegligent breach of the duty to have a seaworthy vessel. Counsel for plaintiff frankly admits that there is no direct authority for his second proposition and that there is dicta to the contrary as in Lindgren v. United States, 1930, 281 U.S. 38, 50 S.Ct. 207, 74 L.Ed. 686; Kunschman v. United States, 2 Cir., 1932, 54 F.2d 987. We think that his proposition is highly interesting but we do not think that the question is reached in the instant case.

Our examination of the court's charge, the pertinent parts of which may be found in Turcich v. Liberty Corp., supra, leads us to the conclusion that no error was committed of which the plaintiff can complain. Indeed, at one point, it seems to adopt the very proposition now contended for yet the jury's verdict was for the defendant. We have examined plaintiff's other contentions and find no reversible error.

The judgment of the district court will be affirmed.