Richard McALLISTER, Appellant,

v.

MAGNOLIA PETROLEUM CO., Appellee.

No. 15050.

Court of Civil Appeals of Texas.

Dallas.

March 1, 1956.

Rehearing Denied March 30, 1956.

Mandell & Wright, Houston, for appellant.

Frank C. Bolton, Jr., Earl A. Brown, Chas. B. Wallace, and Jack E. Earnest, Dallas, for appellee.

DIXON, Chief Justice.

This is an appeal by appellant Richard McAllister from a judgment denying him damages for personal injuries sustained October 19, 1950, when he slipped and fell down a ladder on appellee's motor vessel The J. C. Stephens, of which appellant was a crew member; and a counter-appeal by appellee Magnolia Petroleum Company from a judgment awarding McAllister maintenance in the amount of $6,258 covering a period from August 19, 1953 to September 11, 1956, without prejudice to his right thereafter to claim additional maintenance.

The Judiciary Act of 1789, 28 U.S.C.A. § 1333, is the basis for jurisdiction of maritime tort actions in State courts at the election of suitors. This suit was originally filed August 23, 1953 in a State court in Harris County, Texas, and thereafter transferred to a district court in Dallas County under plea of privilege.

Appellant as plaintiff sued in three actions, or counts. In his first action, brought under Title 46 U.S.C.A. § 688, commonly known as the Jones Act, he sought recovery

for his personal injuries on the grounds of appellee's alleged negligence; in his second action, brought under the general maritime law, he sought recovery for his personal injuries on the grounds of the alleged unseaworthiness of the vessel, not based on negligence; and in his third action he sought recovery under the general maritime law for the cost of his maintenance since the date of his injury. It has been held that it is permissible to combine these actions in one suit, though only one recovery may be had for personal injuries. McCarthy v. American-Eastern Corp., 3 Cir., 175 F.2d 724, certiorari denied 338 U.S. 868, 70 S.Ct. 144, 94 L.Ed. 532; 79 C.J.S., Seamen, § 207, pp. 714, 715. Recovery for maintenance may be had in addition to compensation for personal injuries. 79 C.J.S., Seamen, § 191, p. 665, note 77; 79 C.J.S., Seamen, § 207, pp. 714–715, notes 38 and 39.

In the case now before us a jury returned answers unfavorable to appellant both on issues of negligence and on issues of unseaworthiness. Based on these answers the trial court rendered judgment denying appellant recovery for his personal injuries.

In this appeal appellant does not complain of the adverse verdict or judgment with reference to negligence as alleged in his action brought under the Jones Act. He does complain of alleged errors in admitting evidence and in the submission of special issues to the jury in connection with his action for personal injuries based on unseaworthiness independent of negligence as alleged in his action or count brought under the general maritime law.

At the outset we are met by appellee's insistence that appellant's second count—the count seeking recovery for unseaworthiness independent of negligence—is barred by our two-year statute of limitations. Art. 5526, § 6, Vernon's Ann.Civ.St. Consequently, says appellee, errors, if any, in admitting evidence and in submitting issues must be considered harmless and the trial court's judgment on the first two counts should be affirmed.

To this, appellant replies that the Jones Act provides by reference to the Federal Employers' Liability Act, Title 45 U.S.C.A. § 56, for a limitations period of three years, 79 C.J.S., Seamen, § 208, p. 719, and that this provision is applicable also to an action for unseaworthiness under the general maritime law. And further, that the two actions are so closely related that a reversal as to the second count necessarily requires a reversal and new trial on both counts.

In order to pass on these conflicting contentions it is necessary for us briefly to compare the two actions with reference to their nature and differences, and the rights which may be asserted under each of them.

 In an action under the Jones Act, enacted in 1920, a plaintiff to recover damages is required to prove negligence as the proximate cause of his injuries. The fellow servant doctrine and assumption of risk are not ordinarily defenses; and contributory negligence is not a complete defense, though it may operate to mitigate damages under the principle of comparative negligence. Negligence is the essence of the action. In the absence of negligence there can be no recovery under the Jones Act for injuries caused by unseaworthiness. Under the statute a recovery may be had for the death of a seaman. 79 C.J.S., Seamen, §§ 191, 192, 198, 200, 201, pp. 663, 674, 681, 692, 695, 702.

 On the other hand, in an action under the general maritime law a plaintiff is required to prove simply that the vessel's unseaworthiness was a proximate cause of his injuries. It is the shipowner's duty under general maritime law to furnish a seaworthy vessel, and if he fails to do so, he is liable for injuries caused by the vessel's unseaworthiness, though the owner may not have been in any way negligent. Negligence furnishes no basis for recovery. It is not permissible under general maritime law to maintain a suit seeking recovery on the grounds of negligence. And no recovery at all is allowed for the death of a seaman. 79 C.J.S., Seamen, §§ 189, 191, 192, 198, 200, 201, pp. 662, 663, 679, 681, 690, 694, 702.

An action for negligence is statutory in nature, and has been permitted only since the passage of the Jones Act by the Congress in 1920. An action for unseaworthiness not coupled with negligence is not statutory in nature, but is based on general maritime law as developed over the years long prior to 1920. The rights granted to seamen under the statute are in addition to the rights allowed them under the general maritime law. 79 C.J.S., Seamen, § 191, pp. 664, 665.

In our opinion the two causes of action are separate, distinct, and severable. They do not necessarily rise and fall together. We quote from Kunschman v. United States, 2 Cir., 54 F.2d 987, at page 989: "The above mentioned statute under which this action was brought gives to a seaman, in addition to his rights under the maritime law, new rights and remedies, and also gives his personal representative a cause of action for death. Charles Nelson Co. v. Curtis, 9 Cir., 1 F.2d 774. These rights and remedies are those possessed by railway employees and their personal representatives under the laws of the United States. Panama R. Co. v. Johnson, 264 U.S. 375, 44 S.Ct. 391, 68 L.Ed. 748. As this action was brought by the personal representative to recover damages for the death of the seaman, the rights of the parties depend upon the statute and not upon the general maritime law, under which there can be no recovery on a death claim [citing authorities]." See also Turcich v. Liberty Corp., 3 Cir., 217 F.2d 495; Carstens v. Great Lakes Towing Co., D.C., 71 F. Supp. 394; and 79 C.J.S., Seamen, §§ 191, 192, pp. 674, 679, 681. Appellant's right to maintain his suit based on unseaworthiness without negligence is controlled by the general maritime law. The Jones Act is not applicable. Therefore the limitations period of three years provided by the Jones Act does not apply to his action for unseaworthiness brought under the general maritime law.

We believe that appellee is correct in its contention that appellant's cause of action under general maritime law based on unseaworthiness without negligence is barred by our two-year law of limitations. When no period of limitations is specified in a Federal statute the limitation statute applicable is that of the State in which the action is brought. Brady v. Daly, 2 Cir., 1889, 175 U.S. 148, 20 S.Ct. 62, 44 L.Ed. 109; Cope v. Anderson, 3 Cir., 1947, 331 U.S. 461, 67 S.Ct. 1340, 91 L.Ed. 1602; McLaine v. Rankin, 9 Cir., 1905, 197 U.S. 154, 25 S.Ct. 410, 49 L.Ed. 702; Hollingsworth v. Cities Service Oil Co., Tex.Civ. App.1946, 199 S.W.2d 266, err. ref., certiorari denied 332 U.S. 774, 68 S.Ct. 83, 92 L.Ed. 359. We think the same rule applies when a non-statutory Federal right is sought to be enforced in a state court. To be more specific, in a case similar to this one the rule has been applied to the right of a seaman to sue for personal injuries in a state court under the general maritime law. Bonam v. Southern Menhaden Corp., D.C., 284 F. 362, quoting from Chelentis v. Lukenbach, 247 U.S. 378, 38 S.Ct. 501, 62 L.Ed. 1171. We sustain appellee's counter-point No. 1. Consequently the errors, if they are errors, presented in appellant's points on appeal must be considered harmless. Appellant's points are overruled.

We come now to consideration of appellee's cross-appeal. Appellee rests its appeal from the judgment for maintenance on four points: (1) Appellant voluntarily refused available treatment at the Galveston Marine Hospital; (2) there was no prayer for cure, or testimony that appellant was undergoing cure; (3) maintenance beyond the date of trial should not have been allowed; and (4) it was error to assess all costs against appellee.

The record discloses that following his fall on the ship's stairs on October 19, 1950 appellant continued his employment as a member of the crew of The J. C. Stephens until July, 1953. There is testimony that during that time his back bothered him and that he tried unsuccessfully to obtain medical treatment. In March, 1953, at New Orleans, La., he requested a surgical operation at the expense of his employer for a disc condition. Thereafter he continued to

work, but continued to have trouble with his back, so was given a ticket of admission to the U. S. Public Health Service Hospital at New Orleans, where he was told he would be admitted as an in-patient. However appellant preferred to enter the U. S. Public Service Hospital at Galveston, Texas, because he would be nearer his home in Houston, Texas. A transfer was arranged and appellant was treated at the Galveston hospital first as an out-patient and beginning July 1953 as an in-patient.

While an in-patient at the hospital appellant on August 4, 1953 employed counsel for the purpose of bringing suit against appellee. The same day, or the next day, he was discharged from the hospital "fit for duty in three days." The next day he went to Houston where he was given a "medico-legal examination" by a doctor. Thereafter he returned to Morgan City, Louisiana, where he went back to work for appellee, continuing to work until August 19, 1953. On the last named date he was given a new letter of admission to the Marine Hospital at Galveston.

■ Appellee says in its brief that "appellant chose not to re-enter the hospital"; and that having thus voluntarily refused further treatment made available under the letter of August 19, 1953, appellant is not entitled to maintenance after that date. We agree with appellee. that "where the seaman is tendered a marine hospital certificate, his refusal thereof relieves the employer of an obligation to provide additional maintenance and cure", as stated in Socony-Vacuum Oil Co. v. Premeaux, Tex. Civ.App., 187 S.W.2d 690, at page 703 (and cases cited in footnote).

■ But appellee has not pointed out any evidence in the record and we have found none that would support a finding that appellant refused the certificate, or "chose not to re-enter the hospital."

On the contrary we find in the record this testimony by appellant:

"Q. All right, after you left August 4th, did you then return to your employer? A. Yes, sir, I went back to Morgan City, Louisiana.

"Q. Did you attempt to work after that? A. Yes, sir.

"Q. Were you able to work after that? A. No, sir. I worked a few days.

"Q. And then what happened? A. I just couldn't take it. I had to get off.

"Q. What hurt you? A. Well, my back and my legs, first one leg and then the other, sometimes both legs, sort of paralyzed. I just couldn't get around.

"Q. Did you finally have to leave on August 19th, 1953, have to leave that employment? A. Yes, sir, I left again to go back to the hospital.

"Q. Did you try to get back into the hospital? A. Yes, sir.

"Q. Were you able to get back into the hospital? A. No, sir.

"Q. When they would not receive you in the hospital, what did you do, where did you come to? A. I went to Houston.

"Q. Shortly thereafter, did you see a physician in Houston? A. Yes, sir. I saw Dr. Battalora.

"Q. In Houston? A. No, sir, that was—Battalora was in New Orleans. I saw Dr. Brodsky in Houston.

"Q. What kind of a physician is Dr. Brodsky, what kind of work does he do? Is he an orthopedic surgeon? A. Yes, sir, he is an orthopedic specialist in that field.

"Q. All right, have you been under his care since? A. Yes, sir, I have been under his care ever since.

"Q. Now, sometime in January of 1954, did you attempt to get back into the hospital or to obtain hospital treatment? A. Yes, sir, I went back to

Galveston and they told me I wasn't entitled to get back.

"Q. At that time, after August 19th, 1953, on until January 1954 when you went back to the hospital, did you have any kind of attempt to work? A. Yes, sir, I tried several jobs, tried to get several jobs." (Emphasis supplied.) We overrule point No. 1 of appellee's counter-appeal.

■ Appellant did not pray for cure and no award was made to him for cure, though he testified that he had been under the care of Dr. Brodsky ever since he went to Houston soon after leaving appellee's employ. He did pray for maintenance and the court's judgment allowing him $6,258 expressly states that it is for maintenance. We overrule point No. 2 of appellee's counter-appeal.

■ The jury found that appellant will reach his maximum recovery September 11, 1956. In our opinion it was proper to allow maintenance to said date, though it was beyond the date of trial. Socony-Vacuum Oil Co. v. Aderhold, 150 Tex. 292, 240 S.W. 2d 751; Stokes v. United States, 2 Cir., 144 F.2d 82. We overrule point No. 3 of appellee's counter-appeal.

■ Appellee complains because all costs in the trial court were taxed against it. Appellant recovered a money judgment. Therefore he is to be regarded as the successful party, though he did not recover all that he sued for. Under the circumstances the trial court was not in error in taxing costs against the unsuccessful party. Haynes v. American Mut. Ben. Ass'n, Tex.Civ.App., 283 S.W. 199, at page 201; Moroney Hardware Co. v. Goodwin

Pottery Co., Tex.Civ.App., 120 S.W. 1088, at page 1093; Rule 131 T.R.C.P. We overrule point No. 4 of appellee's counter-appeal.

The judgment of the trial court is affirmed.

### On Rehearing

On rehearing, appellant says our decision in this case is contrary to the holdings in The Arizona v. Anelich, 298 U.S. 110, 56 S.Ct. 707, 80 L.Ed. 1075; Ran v. Atlantic Ref. Co., D.C., 87 F.Supp. 853; Cox v. Roth, 348 U.S. 207, 75 S.Ct. 242, 99 L.Ed. 260; Garrett v. Moore-McCormack Co., 317 U.S. 239, 63 S.Ct. 246, 87 L.Ed. 239. We have read each of the cited cases. Each of them was concerned with a cause of action involving negligence, hence the Jones Act was applicable. None of them was concerned, as is this appeal, with an action based on unseaworthiness not involving negligence, to which type of action we hold the Jones Act is not applicable.

■ Appellant says in effect that The Arizona v. Anelich, supra, is authority for holding that the general maritime law is drawn into and made a part of the Jones Act, consequently the provisions of the Jones Act, including the three-year limitations period, are applicable to all causes arising under the general maritime law. We do not so interpret the Arizona case. The opinion in the Arizona case holds that the Jones Act has become a part of the general maritime law. It does not follow that all cases arising under general maritime law are therefore to be governed by the provisions of the Jones Act, for of course a part cannot be said to include and cover the whole.

The motion for rehearing is overruled.