EXXON CORPORATION and Exxon Shipping Company, Appellant,

v.

APEX R.E. & T., INC., Appellee.

No. B14–86–647–CV.

Court of Appeals of Texas, Houston (14th Dist.).

April 9, 1987.

Rehearing Denied May 14, 1987.

Rene J. Mouledoux, Neil M. Leibman, Houston, for appellant.

William M. Woodruff, Joseph Newton, Houston, for appellee.

Before MURPHY, ROBERTSON and ELLIS, JJ.

OPINION

MURPHY, Justice.

This is an appeal from a summary judgment rendered in favor of appellee, Apex R.E. & T., Inc., in a suit for damages arising from an alleged breach of contract. The trial court held that the claim of appellants was barred. Appellants' contend in three points of error that the trial court erred in holding their claim was barred on the basis of either the statute of limitations or the doctrine of laches. We affirm.

Appellants filed a petition in state district court on November 5, 1985, alleging the following: That they entered into a contract with appellee whereby appellee was to provide appellant with barges and towing units for the carriage of products from the Baytown and Houston areas to the Inland Waterway Terminals in and around Bedford Park, Illinois; that in September 1980 appellant delivered to appellee's barge at Baytown several thousand barrels of the petroleum products Telura 309 and Telura 417 to be transported to Bedford Park, Illinois and that upon arrival in October 1980, 5274 barrels of the Telura were contaminated. Appellants sought recovery from appellee for their damages. Appellee filed a motion for summary judgment asserting that the claim was barred by the state four year statute of limitations. *See* Tex.Civ.Prac. & Rem.Code § 16.004 (Vernon 1986). Appellants filed a response claiming that the cause of action accrued within the navigable inland waterways of the United States and was subject to the provisions of the Harter Act. *See* 46 U.S.C. §§ 190–196 (1982). The Harter Act is not governed by a specific statute of limitations, therefore, appellants argued, the equitable doctrine of laches should be applied to this case and not the state statute of limitations. The final judgment of the trial court stated "plaintiff's claim is barred" and made no reference to the statute of limitations or the doctrine of laches.

In their first point of error appellants contend the trial court erred in applying

the state statute of limitations to this maritime action. Appellants argue, as in their response to appellee's motion for summary judgment, that their cause of action falls within the purview of the federal Harter Act which is not governed by a specific statute of limitations and the court must look to the equitable doctrine of laches. However, appellee in support of the assertion that the state statute of limitations should be applied cites *McAllister v. Magnolia Petroleum Company*, 290 S.W.2d 313 (Tex.Civ.App.—Dallas 1956, writ ref'd n.r.e.), *vacated on other grounds*, 357 U.S. 221, 78 S.Ct. 1201, 2 L.Ed.2d 1272 (1958), wherein the court of civil appeals addressed the applicability of the statute of limitations to a federal maritime claim:

> When no period of limitations is specified in a Federal statute the limitation statute applicable is that of the state in which the action is brought. (citations omitted). We think that the same rule applies when a nonstatutory Federal right is sought to be enforced in a state court.

*Id.* at 316. McAllister was a seaman who had sued his employer, Magnolia, for negligence under the Jones Act, 46 U.S.C. § 668 (1982) and for unseaworthiness under the general maritime law. *See McAllister*, 290 S.W.2d at 314–315. Although the Jones Act prescribed a three year limitations period, there was no statute of limitations which applied to the unseaworthiness claim. *See McAllister*, 290 S.W.2d at 316. The court of civil appeals found McAllister's unseaworthiness claim to be barred by the state two year tort limitations period even though the Jones Act claim would be governed by the three year limitations period provided for by that act. *See McAllister*, 290 S.W.2d at 316. The court held that Texas limitations were applicable to maritime claims brought in Texas courts. *See McAllister*, 290 S.W.2d at 316. The Texas Supreme Court refused the writ of error with the notation no reversible error and McAllister appealed to the United States Supreme Court.

The Supreme Court, in *McAllister v. Magnolia Petroleum Company*, 357 U.S. 221, 78 S.Ct. 1201, 2 L.Ed.2d 1272 (1958), noted that a seaman must bring any claim he has under the Jones Act together with a claim for unseaworthiness. *See id.* at 225, 78 S.Ct. at 1204. The Court stated:

> [s]ince the seaman must sue for both unseaworthiness and Jones Act negligence in order to make full utilization of his remedies for personal injury, and since that can be accomplished only in a single proceeding, a time limitation on the unseaworthiness claim effects in substance a similar limitation on the right of action under the Jones Act.

*Id.* at 225, 78 S.Ct. at 1204. The court recognized that the Jones Act carried a three year limitations period and that a state court should not reduce that time by applying its own statute of limitations. *See id.* at 225, 78 S.Ct. at 1204. In view of the practical necessity of combining the Jones Act and unseaworthiness claims in one action, the unseaworthiness limitation would effectively diminish the time within which a Jones Act claim could be filed and would deny seamen the full benefit of federal law. *See id.* at 226, 78 S.Ct. at 1205. The holding of the Court was that McAllister's unseaworthiness claim could not be made subject to a limitations period shorter than the three years he was allowed for his Jones Act claim. The court stated that it was not commanding the application of laches for maritime claims in state courts:

> In the view we take of this case it is unnecessary for us to decide the broad question of whether a state court is free to apply its own statutes of limitation to an admiralty right of action for which no special limitation is prescribed, or whether it is bound to determine the timeliness of such actions by the admiralty doctrine of laches. For the reasons stated hereafter, we simply hold that where an action for unseaworthiness is combined with an action under the Jones Act a court cannot apply to the former a shorter period of limitations than Congress has prescribed for the latter.

*Id.* at 224, 78 S.Ct. at 1203.

The Supreme Court's holding did not affect the determination by the court of civil appeals that Texas limitations should apply to maritime cases brought in Texas where

no federal limitations exist except insofar as seamen's Jones Act—unseaworthiness claims are concerned.

In further support of appellee's position that the state statute of limitations should be applied to appellants' claim is Justice Brennan's concurring opinion in *McAllister* wherein he recognizes that "where federal statutes, which create federal rights of action, do not include a period of limitations it has been the practice of state and federal courts to apply state statutes of limitations." *See id.* at 228, 78 S.Ct. at 1206 (Brennan, J., concurring). In support of his assertion Justice Brennan cited *Cope v. Anderson,* 331 U.S. 461, 463, 67 S.Ct. 1340, 1341, 91 L.Ed. 1602 (1947) and *Campbell v. City of Haverhill,* 155 U.S. 610, 616, 15 S.Ct. 217, 219, 39 L.Ed. 280 (1895). In explaining the reason for the holdings in *Cope* and *Campbell* Justice Brennan stated:

> In the absence of comparable federal statute of limitations which might be applied, the Court had four choices: (1) No period of limitations at all; (2) an arbitrary period applicable in all like cases; (3) the flexible but uncertain doctrine of laches; and (4) state statutes of limitations. The state statutes were chosen by default.

*Id.* 357 U.S. at 229, 78 S.Ct. at 1206 (Brennan, J., concurring).

Appellants claim the recent Supreme Court opinion in *Offshore Logistics, Inc., v. Tallentire,* 477 U.S. 207, 106 S.Ct. 2485, 91 L.Ed.2d 174 (1986), commands state courts to apply the doctrine of laches rather than limitations to maritime claims. The issue in *Tallentire* was whether a federal court could supplement a federal statutory cause of action for death on the high seas with a state wrongful death statute. *See id.* at ——, 106 S.Ct. at 2489. The Court held that the federal wrongful death statute, the Death on the High Seas Act, was exclusive and preemptive of the state wrongful death statute. *See id.* at ——, 106 S.Ct. at 2489. *Tallentire* may be distinguished from the instant case. In *Tallentire,* a federal statute was found to be controlling. However, in the instant case there is no federal statute of limitations which governs the Harter Act, therefore based on *Magnolia* and Justice Brennan's analysis of *Cope* and *Campbell,* we conclude that the state four year statute of limitations set out in Tex.Civ.Prac. & Rem.Code § 16.-004, should be applied to appellant's claim. Since appellants filed this lawsuit more than four years after the cause of action arose, their suit is barred by the statute of limitations. Appellants' first point of error is overruled.

Points of error two and three are based on the assertion that the doctrine of laches be applied to appellants' lawsuit; therefore, they need not be addressed.

The judgment is affirmed.